FILED
2019 Mar-06  AM 09:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

DOCUMENT 1

ELECTRONICALLY FILED
2/4/2019 6:19 PM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>47 |
|---|---|---|
| | | Date of Filing:   Judge Code:<br>02/04/2019 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

**HOLLY NAOMI SIMMONS v. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, ET AL**

**First Plaintiff:**  ☐ Business  ☑ Individual    **First Defendant:**  ☑ Business  ☐ Individual
 ☐ Government  ☐ Other    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
    Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☑ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
    Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING     A ☐ APPEAL FROM     O ☐ OTHER
                    DISTRICT COURT

          R ☐ REMANDED     T ☐ TRANSFERRED FROM
                    OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    Note: Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| HAM033 | 2/4/2019 6:19:03 PM | /s/ KENNETH D HAMPTON |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**     ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

DOCUMENT 2



ELECTRONICALLY FILED
2/4/2019 6:19 PM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| HOLLY NAOMI SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Civil Action: |
| | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA, a corporation, and UNION | ) |
| SECURITY INSURANCE COMPANY, a | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Count One
[Breach of Group Short-Term Disability Policy]

1. The Plaintiff is Holly Naomi Simmons and she is over the age of nineteen and of sound mind. The Plaintiff is a resident of Huntsville, Madison County, Alabama.

2. The Defendant Sun Life Assurance Company of Canada is a corporation incorporated in Montreal, Canada but registered with the Secretary of State of Alabama. The Defendant Sun Life Assurance Company of Canada does business in Huntsville, Madison County, Alabama by selling, issuing and administering insurance policies in Huntsville, Madison County, Alabama.

3. The Defendant Union Security Insurance Company is an insurance company authorized by the Commissioner of Insurance of the State of Alabama to sell and

-1-

issue Group Disability Insurance policies in the State of Alabama including Huntsville, Madison County, Alabama. The Defendant Union Security Insurance Company is a corporation.

4. The Defendant Sun Life Assurance Company of Canada also does business as Sun Life Financial, Inc and/or Sun Life Financial and has at times administered the policy of short-term insurance that is at issue in this matter under the name of Sun Life Financial, Inc and the name Sun Life Financial.

5. Sun Life Assurance Company of Canada also does business in the State of Alabama under the name of Union Security Life Insurance Company.

6. The Plaintiff was employed by Reynolds, Reynolds, and Little, LLC, the successor to Reynolds, Reynolds, and Duncan, LLC, in Huntsville, Madison County, Alabama as a Real Estate Mortgage Loan Closer employee for the loan closings performed by Reynolds, Reynolds, and Little, LLC in Madison County, Alabama.

7. Reynolds, Reynolds, and Little, LLC purchased from the Defendants a Group Short-Term Disability Insurance Policy for their employees and Reynolds, Reynolds, and Little, LLC is the policyholder of the Group Short-Term Disability Insurance Policy with an effective date of September 15, 2008. Reynolds, Reynolds, and Little, LLC paid the premiums for the policy of insurance but did not administer the claims filed under the policy of insurance and did not perform the functions of a Plan Administrator.

------------------------
-2-

8. This Group Short-Term Disability Insurance policy specifically provides that it is a policy of insurance being sold in Alabama and subject to the laws of the State of Alabama.

9. The policy of insurance is to pay sixty percent (60%) of the gross weekly pay of an employee that is provided coverage by the Group Short-Term Disability Insurance policy issued to Reynolds, Reynolds, and Little LLC.

10. The claims filed under the Group Short-Term Disability Insurance policy were determined by the Defendants and not by the policyholder/Employer, Reynolds, Reynolds, and Little, LLC. The policy of insurance provides that the terms "We, Us and Our means Union Security Insurance Company". The Group Short-Term Disability Insurance policy also provides "Authority: The policyholder delegates to us and agrees that we have the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the policy." The Defendants are therefore the Plan Administrator and the Claims Administrator for the Group Short-Term Disability Insurance policy.

11. This Court has jurisdiction of this policy of insurance issued to Reynold, Reynolds, and Little, LLC as the policyholder to provide short term disability benefits to its employees pursuant to 29 U.S.C. § 1132(e).

-3-

12. Venue is proper in Madison County, Alabama as the Plaintiff is a resident of Huntsville, Madison County, Alabama and her employment with Reynolds, Reynolds, and Little LLC was in Huntsville, Madison County, Alabama.

13. The Plaintiff last worked on February 15, 2016 and filed a claim with the Defendants for short term disability benefits.

14. The Defendants paid the Plaintiff short term disability benefits under the terms of the Group Short-Term Disability insurance policy from February 22, 2016 to April 14, 2016 but did not issue a decision regarding the denial of benefits are April 14, 2016 until January 8, 2018.

15. The Plaintiff appealed the decision of the Defendants to deny short term disability benefits to the Plaintiff and that appeal was received by the Defendants on June 25, 2018.

16. The Defendants issued a decision on September 10, 2018 denying to the Plaintiff short-term disability benefits under the terms of the Group Short-Term Disability insurance policy. This decision did not permit any further appeals administratively with the Defendants and the Plaintiff has exhausted her appeals before the Defendants.

17. The Group Short-Term Disability insurance policy is an own occupational policy that provides that benefits are to be paid if a disabled employee of Reynolds, Reynolds and Little LLC has "An Injury, sickness, or pregnancy requires you to be

-4-

under the regular care or attendance of a doctor and prevents you from performing at least one of the material duties of your regular occupation."

18. The Plaintiff suffers from multiple medical conditions that prevent her from being able to perform the material duties of her occupation as a Real Estate Loan Closer. The Plaintiff among other medical conditions suffers from uncontrolled diabetes, Fibromyalgia with severe pain, hypercalcemia and parathyroid adenoma with increased fatigue, muscle pain, and heart palpations, multilevel degenerative changes with arthropathy of the knees, ankles, and shoulder, degenerative changes of the spine, seizure like activity, generalized seizure disorder, confusion, lupus with impaired cognitive skills, memory difficulty, photo sensitivity, joint pain and joint swelling, fatigue, muscle weakness, arthritis and Bechet's Disease resulting in partial loss of vision in the right eye. The Plaintiff must use a cane to walk or stand. The Plaintiff's medical conditions have also led to morbid obesity and swelling that requires leg elevation.

19. These conditions would prevent the Plaintiff from performing multiple requirements of her occupation by causing her to be unable to attend work, function in a manner that would allow for the accurate preparation of documents, sit in a position that would permit her to use office equipment, walk as required to transport documents in the office for signatures and/or review and concentrate and focus long

enough to perform her job in an adequate manner as well as other limitations that would be caused by her seizures and other medical conditions.

20. The Plaintiff has been under the regular care of multiple physicians and as a part of her appeal the Plaintiff submitted medical records from Kenneth Moultrie, OD, Endocrinology and Diabetes Associates, Rheumatology Associates of North Alabama, Huntsville Cardiovascular Clinic, Ear Nose Throat Neck Surgery of Huntsville, Kara Wallace, MD, Huntsville Hospital, The Orthopaedic Center, David A. McLain, M.D., Crestwood Medical Center, Huntsville Hospital Neurological Associates, and Tennessee Valley Pain Consultants to establish not only the medical conditions from which she suffers but the ongoing regular medical care from a doctor.

21. The Plaintiff also submitted vocational evidence that given her medical conditions and treatment and the medical opinions of her treating physicians that the Plaintiff could not only not perform her own occupation as a Real Estate Closer but that she could not perform any work with her medical conditions and limitations.

22. The Defendants did deny the Plaintiff benefits by the decision of September 10, 2018 and the September 10, 23018 denial of benefits by the Defendants constitutes a breach of the terms of the Group Short-Term Disability Insurance policy.

23. The Plaintiff was paid the sum of Nine Hundred and Sixty Dollars ($960.00) per week for her employment with Reynolds, Reynolds, and Little, LLC. Under the

terms of the insurance policy, the short-term disability benefits that should have been paid to the Plaintiff would have been sixty percent (60%) of this amount or Five Hundred Seventy-Six Dollars ($576.00) per week. The benefits are not paid for the first seven (7) days. After the first seven days, the short-term disability benefits are to be paid for a period of twelve (12) weeks.

24. The Defendants in this matter paid short term disability benefits to the Plaintiff for a period of seven weeks and three days from February 22, 2016 to April 14, 2016. The decision of the Defendants to refuse to pay the remaining weeks of short-term disability benefits to the Plaintiff was arbitrary and capricious and based on the financial interest of the Defendants and not upon the medical and vocational facts with respect to the Plaintiff.

25. As a proximate consequence of the breach of the short-term disability insurance policy and the arbitrary and capricious manner of that breach, the Plaintiff has been caused to suffer the loss of short term disability benefits for the remaining four weeks and two days of the benefit period under the terms of the short term disability policy and the bad faith refusal to consider an award of benefits under the long term disability insurance policy issued by the same Defendants.

26. The Plaintiff has met all the conditions precedent under the terms of the Group Short Term Disability insurance policy issued by the Defendants and has exhausted all administrative remedies that are available under the terms of the Group Short

Term Disability insurance policy and any further attempts at an administrative remedy would be futile and inadequate and there are no further administrative appeals provided by the terms of the Group Short Term Disability insurance policy issued by the Defendants for the employees of Reynolds, Reynolds, and Little, LLC.

Wherefore, the Plaintiff demands a judgment against the Defendants for all benefits that she is entitled to receive under the terms of the Group Short-Term Disability insurance policy that insures benefits for the participants and employees of Reynolds, Reynolds, and Little, LLC, whether such benefits are deemed actual and/or compensatory damages or employee welfare disability benefits, and attorney fees, costs, and such other, further, and different relief as the Court deems just, proper, and equitable.

### Count Two
[Breach of Group Long-Term Disability Policy]

1. The Plaintiff is Holly Naomi Simmons and she is over the age of nineteen and of sound mind. The Plaintiff is a resident of Huntsville, Madison County, Alabama.

2. The Defendant Sun Life Assurance Company of Canada is a corporation incorporated in Montreal, Canada but registered with the Secretary of State of Alabama. The Defendant Sun Life Assurance Company of Canada does business in Huntsville, Madison County, Alabama by selling, issuing and administering insurance policies in Huntsville, Madison County, Alabama.

3. The Defendant Union Security Insurance Company is an insurance company authorized by the Commissioner of Insurance of the State of Alabama to sell and issue Group Disability Insurance policies in the State of Alabama including Huntsville, Madison County, Alabama. The Defendant Union Security Insurance Company is a corporation.

4. The Defendant Sun Life Assurance Company of Canada also does business as Sun Life Financial, Inc and/or Sun Life Financial and has at times administered the policy of Long-term insurance that is at issue in this matter under the name of Sun Life Financial, Inc and the name Sun Life Financial.

5. Sun Life Assurance Company of Canada also does business in the State of Alabama under the name of Union Security Life Insurance Company.

6. The Plaintiff was employed by Reynolds, Reynolds, and Little, LLC, the successor to Reynolds, Reynolds, and Duncan, LLC, in Huntsville, Madison County, Alabama as a Real Estate Mortgage Loan Closer employee for the loan closings performed by Reynolds, Reynolds, and Little, LLC in Madison County, Alabama.

7. Reynolds, Reynolds, and Little, LLC purchased from the Defendants a Group Long-Term Disability Insurance Policy for their employees and Reynolds, Reynolds, and Little, LLC is the policyholder of the Group Long-Term Disability Insurance Policy with an effective date of September 15, 2008. Reynolds, Reynolds, and Little, LLC paid the premiums for the policy of insurance but did not administer

the claims filed under the policy of insurance and did not perform the functions of a Plan Administrator.

8. This Group Long-Term Disability Insurance policy specifically provides that it is a policy of insurance being sold in Alabama and subject to the laws of the State of Alabama.

9. The policy of insurance is to pay sixty percent (60%) of the gross weekly pay of an employee that is provided coverage by the Group Long-Term Disability Insurance policy issued to Reynolds, Reynolds, and Little LLC. In addition, the policy of insurance provides that it will pay an additional twenty percent (20%) in benefits for an inability to perform at least two activities of daily living within a thirty-day period. Activities of Daily Living is defined to include bathing, dressing, and toileting.

10. The claims filed under the Group Long-Term Disability Insurance policy were determined by the Defendants and not by the policyholder/Employer, Reynolds, Reynolds, and Little, LLC. The policy of insurance provides the terms "We, Us and Our means Union Security Insurance Company". The Group Long-Term Disability Insurance policy also provides "Authority: The policyholder delegates to us and agrees that we have the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the policy." The Defendants are

-----------------------
-10-

therefore the Plan Administrator and the Claims Administrator for the Group Long-Term Disability Insurance policy.

11. This Court has jurisdiction of this policy of insurance issued to Reynold, Reynolds, and Little, LLC as the policyholder to provide Long term disability benefits to its employees pursuant to 29 U.S.C. § 1132(e).

12. Venue is proper in Madison County, Alabama as the Plaintiff is a resident of Huntsville, Madison County, Alabama and her employment was in Huntsville, Madison County, Alabama.

13. The Plaintiff last worked on February 15, 2016 and a claim was filed with the Defendants for Long term disability benefits while the application for Group Short Term Disability benefits was still pending before the Defendants.

14. The Defendants have not paid the Plaintiff Long term disability benefits under the terms of the Group Long-Term Disability insurance policy but did issue a denial decision regarding those benefits on January 11, 2018.

15. The Plaintiff appealed the decision of the Defendants to deny Long term disability benefits to the Plaintiff and that appeal was received by the Defendants on June 25, 2018.

16. The Defendants issued a decision on September 10, 2018 denying to the Plaintiff Long-term disability benefits under the terms of the Group Long-term disability insurance policy. This decision did not permit any further appeals administratively

with the Defendants and the Plaintiff has exhausted her appeals before the Defendants.

17. The Group Long-Term Disability insurance policy provides that disability for the first twenty-four months that benefits are to be paid if a disabled employee of Reynolds, Reynolds and Little LLC has "An Injury, sickness, or pregnancy requires you to be under the regular care or attendance of a doctor and prevents you from performing at least one of the material duties of your regular occupation."

18. The Group Long-term disability insurance policy provides that disability benefits after the first twenty-four months are to be paid if a disabled employee of Reynolds, Reynolds and Little LLC has "An Injury, sickness, or pregnancy prevents you from performing at least one of the material duties of each gainful occupation for which your education, training and experience qualifies you."

19. The Plaintiff suffers from multiple medical conditions that prevent her from being able to perform the material duties of her occupation as a Real Estate Loan Closer and/or the material duties of any other occupation for which she has education, training or experience. The Plaintiff among other medical conditions suffers from uncontrolled diabetes, Fibromyalgia with severe pain, hypercalcemia and parathyroid adenoma with increased fatigue, muscle pain, and heart palpations, multilevel degenerative changes with arthropathy of the knees, ankles, and shoulder, degenerative changes of the spine, seizure like activity, generalized seizure disorder,

confusion, lupus with impaired cognitive skills, memory difficulty, photo sensitivity, joint pain and joint swelling, fatigue, muscle weakness, arthritis and Bechet's Disease resulting in partial loss of vision in the right eye. The Plaintiff must use a cane to walk or stand. The Plaintiff's medical conditions have also led to morbid obesity and swelling that requires leg elevation.

20. These conditions would prevent the Plaintiff from performing multiple requirements of her occupation and/or any other occupation by causing her to be unable to attend work, function in a manner that would allow for the accurate preparation of documents, sit in a position that would permit her to use office equipment, walk as required to transport documents in the office for signatures and/or review and concentrate and focus long enough to perform her job in an adequate manner as well as other limitations that would be caused by her seizures and other medical conditions.

21. The Plaintiff has been under the regular care of multiple physicians and as a part of her appeal the Plaintiff submitted medical records from Kenneth Moultrie, OD, Endocrinology and Diabetes Associates, Rheumatology Associates of North Alabama, Huntsville Cardiovascular Clinic, Ear Nose Throat Neck Surgery of Huntsville, Kara Wallace, MD, Huntsville Hospital, The Orthopaedic Center, David A. McLain, M.D., Crestwood Medical Center, Huntsville Hospital Neurological Associates, and Tennessee Valley Pain Consultants to establish not only the medical

conditions from which she suffers but the ongoing regular medical care from a doctor.

22. The Plaintiff also submitted vocational evidence that given her medical conditions and treatment and the medical opinions of her treating physicians that the Plaintiff could not only not perform her own occupation as a Real Estate Closer but that she could not perform any work with her medical conditions and limitations.

23. The Defendants did deny the Plaintiff benefits by the decision of September 10, 2018 and the September 10, 23018 denial of benefits by the Defendants constitutes a breach of the terms of the Group Long-Term Disability Insurance policy.

24. The Plaintiff was paid the sum of Nine Hundred and Sixty Dollars ($960.00) per week for her employment with Reynolds, Reynolds, and Little, LLC. Under the terms of the Group Long-Term Disability insurance policy, the long-term disability benefits that should have been paid to the Plaintiff would have been sixty percent (60%) of this amount or Five Hundred Seventy-Six Dollars ($576.00) per week beginning ninety days after the last date of employment which would have been May 16, 2016 or beginning with the last date of payment of group short-term disability benefits.

25. In addition, there have been and continue to be periods of thirty days where the Plaintiff's medical conditions would not allow her to perform activities of daily living as defined by the Group Long-Term Disability policy. During those periods,

the twenty percent (20%) of the Plaintiff's pay from Reynolds, Reynolds, and Little LLC would be One Hundred Ninety-Two ($192.00) dollars per week.

26. The decision of the Defendants to refuse to pay both the long-term disability benefits and the benefits for those months that the Plaintiff could not perform the activities of daily living was arbitrary and capricious and based on the financial interest of the Defendants and not upon the medical and vocational facts with respect to the Plaintiff.

27. As a proximate consequence of the breach of the Group Long-Term Disability insurance policy and the arbitrary and capricious manner of that breach, the Plaintiff has been caused to suffer the loss of Long term disability benefits at the rate of Five Hundred Seventy-Six Dollars [$576.00] per week from May 16, 2016 through the present date and continuing after this date as the Plaintiff continues to meet the test for disability benefits under the terms of the Group Long-Term Disability insurance policy and  the benefits for the inability to perform activities of daily living at the rate of One Hundred Ninety Two [$192.00] per week for those periods of thirty days when the Plaintiff was unable to perform activities of daily living and for those periods of thirty days when the Plaintiff continues to be unable to perform the activities of daily living as defined by the Group Long Term disability insurance policy.

28. The Plaintiff has met all the conditions precedent under the terms of the Group Long Term Disability insurance policy issued by the Defendants and has exhausted all administrative remedies that are available under the terms of the Group Long Term Disability insurance policy and any further attempts at an administrative remedy would be futile and inadequate and there are no further administrative appeals provided by the terms of the Group Long Term Disability insurance policy issued by the Defendants for the employees of Reynolds, Reynolds, and Little, LLC.

Wherefore, the Plaintiff demands a judgment against the Defendants for all benefits that she is entitled to receive under the terms of the Group Long-Term Disability insurance policy that insures benefits for the participants and employees of Reynolds, Reynolds, and Little, LLC, whether such benefits are deemed actual and/or compensatory damages or employee welfare disability benefits, and attorney fees, costs, and such other, further, and different relief as the Court deems just, proper, and equitable.

Date: February __4__, 2019

Kenneth D. Hampton
Attorney for the Plaintiff
Attorney ID: HAM033
Suite A, 2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-mail: kenhampton@bellsouth.net

-16-

Serve Defendants by Attorney Initiated Certified Mail:

[1]
Sun Life Assurance Company of Canada
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

[2]
Union Security Life Insurance Company
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614



AlaFile E-Notice

47-CV-2019-900246.00

To:  KENNETH D HAMPTON
     kenhampton@bellsouth.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E
47-CV-2019-900246.00

The following complaint was FILED on 2/4/2019 6:19:28 PM

Notice Date:      2/4/2019 6:19:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2019-900246.00

To: SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP,
MORRIS FEINBERG, AGENT
PO BOX 1104
MONTGOMERY, AL, 36102

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E
47-CV-2019-900246.00

The following complaint was FILED on 2/4/2019 6:19:28 PM

Notice Date:     2/4/2019 6:19:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2019-900246.00

To: UNION SECURITY LIFE INSURANCE COMPANY, A CORP,
CORPORATION SERVICE COMPA
2900 SW WANAMAKER DR, 204
TOPEKA, KS, 66614

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E
47-CV-2019-900246.00

The following complaint was FILED on 2/4/2019 6:19:28 PM

Notice Date:        2/4/2019 6:19:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2019-900246.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E**

NOTICE TO: SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP,, MORRIS FEINBERG, AGENT PO BOX 1104, MONTGOMERY, AL 36102
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH D HAMPTON
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: SUITE A, 2004 POOLE DRIVE, HUNTSVILLE, AL 35810
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HOLLY NAOMI SIMMONS pursuant to the Alabama Rules of the Civil Procedure.
*[Name(s)]*

| 2/4/2019 6:19:28 PM | /s/ DEBRA KIZER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ KENNETH D HAMPTON
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)* *(Name of County)*

Alabama on _____.
*(Date)*

_____
*(Address of Server)*

_____     _____
*(Type of Process Server)*      *(Server's Signature)*

_____     _____
*(Server's Printed Name)*       *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2019-900246.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E**

**NOTICE TO:** UNION SECURITY LIFE INSURANCE COMPANY, A CORP,, CORPORATION SERVICE COMPA 2900 SW WANAMAKER DR, 204, TOPEKA, KS 66614

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH D HAMPTON

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: SUITE A, 2004 POOLE DRIVE, HUNTSVILLE, AL 35810

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HOLLY NAOMI SIMMONS pursuant to the Alabama Rules of the Civil Procedure.                                     *(Name(s))*

| 2/4/2019 6:19:28 PM | /s/ DEBRA KIZER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ KENNETH D HAMPTON

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                        *(Name of County)*

Alabama on _____ .

*(Date)*

_____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece,

Union Security Insurance Company

Registered Agent: Corporation Service Company

2900 SW Wanamaker Drive

Suite 204

Topeka, KS 66614

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Ovdra Adkins   2/8

address different from item 1? ☐ Yes
ter delivery address below: ☐ No

FILED IN OFFICE

FEB 19 2019

DEBRA KIZER



9590 9402 4221 8121 3854 47

2. Article Number (Transfer from service label)

7012 1640 0000 9559 2650

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

DOCUMENT 17



USPS TRACKING #

9590 9402 4221 8121 3854 47

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Circuit Court Clerk, Civil

Madison County Courthouse

100 North Side Square

Huntsville, Alabama, 35801-4280

Case Number: 47-CV-2019-900246

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2019-900246.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL

NOTICE TO: SUN LIFE ASSURANCE COMPANY OF CANADA, C/O PRESIDENT, ONE SUN LIFE EXECUTIVE PARK, WELLESLEY HILLS, MA 02481

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH D HAMPTON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: SUITE A, 2004 POOLE DRIVE, HUNTSVILLE, AL 35810

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SIMMONS HOLLY NAOMI

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 2/22/2019 8:34:41 AM | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ KENNETH D HAMPTON

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

DOCUMENT 5

ELECTRONICALLY FILED
2/4/2019 6:58 PM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| **STATE OF ALABAMA** | Revised 3/5/08 | Cas |
|---|---|---|
| Unified Judicial System | | |
| 47-MADISON | ☐ District Court  ☑ Circuit Court | CV2 |

| HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E | **CIVIL MOTION COVER SHEET** |
|---|---|
| | *Name of Filing Party:* C001 - SIMMONS HOLLY NAOMI |

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.* | ☐ Oral Arguments Requested |
|---|---|
| KENNETH D HAMPTON | |
| SUITE A, 2004 POOLE DRIVE | |
| HUNTSVILLE, AL 35810 | |
| *Attorney Bar No.:* HAM033 | |

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Request for Certified Mail Service Attorney Initiated |
| | pursuant to Rule   Rule 4(i)(2)(B)(ii)   (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 2/4/2019 6:57:43 PM | Signature of Attorney or Party /s/ KENNETH D HAMPTON |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

DOCUMENT 5

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 6



ELECTRONICALLY FILED
2/4/2019 6:58 PM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,                    )
                                        )
              Plaintiff,                )
                                        )
Vs.                                     )   Civil Action: <u>**47-CV-2019-900246**</u>
                                        )
SUN LIFE ASSURANCE COMPANY OF           )
CANADA, a corporation, and UNION SECURITY )
INSURANCE COMPANY, a corporation,       )
                                        )
              Defendants.               )

### Plaintiff Requests Certified Mail Service on the Defendants

Comes now the Plaintiff pursuant to <u>Alabama Rule of Civil Procedure</u> 4 and <u>Alabama Rule of Civil Procedure</u> 4(i)(2)(B)(ii) permitting attorney-initiated service and requests that certified mail service of the Summons and Complaint in this matter be made on the Defendants, return receipt requested, by serving the Defendant as follows using attorney-initiated service:

[1]
Sun Life Assurance Company of Canada
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

[2]
Union Security Life Insurance Company
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

Date: February __4__, 2019

Kenneth D. Hampton HAM033
Attorney for Plaintiff
Suite A, 2004 Poole Drive
Huntsville, Alabama 35810
Telephone: 256-859-8900
Fax: 256-859-8853
Email: kenhampton@bellsouth.net


ELECTRONICALLY FILED
2/4/2019 7:00 PM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| HOLLY NAOMI SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Civil Action: <u>47-CV-2019-900246</u> |
| | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA, a corporation, and UNION SECURITY | ) |
| INSURANCE COMPANY, a corporation, | ) |
| | ) |
| Defendants. | ) |

### Plaintiff's First Notice Identifying Discovery Materials

Pursuant to the Standing Order of this Court as it pertains to discovery materials and <u>Alabama Rule of Civil Procedure</u> 5(d), please take notice that the following itemized discovery documents have been filed in this action and the originals of such documents are being retained by the Plaintiff's attorney as Custodian and that such itemized discovery documents are or will be served pursuant to <u>Alabama Rule of Civil Procedure</u> 4 with the Summons and Complaint in this matter:

[1] Plaintiff's First Request for Production of Documents to Sun Life Assurance Company of Canada, a corporation.

[2] Plaintiff's First Request for Production of Documents to Union Security Insurance Company, a corporation.

Date: February __4__, 2019

Kenneth D. Hampton
Attorney for the Plaintiff
Attorney ID: HAM033
Suite A, 2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-mail: kenhampton@bellsouth.net

DOCUMENT 11



ELECTRONICALLY FILED
2/5/2019 7:47 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-~~.....~~
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| HOLLY NAOMI SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Civil Action: <u>47-CV-2019-900246</u> |
| | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA, a corporation, and UNION SECURITY | ) | |
| INSURANCE COMPANY, a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### <u>Plaintiff Amended Request Certified Mail Service on the Defendants</u>

Comes now the Plaintiff pursuant to <u>Alabama Rule of Civil Procedure</u> 4 and <u>Alabama Rule of Civil Procedure</u> 4(i)(2)(B)(ii) permitting attorney-initiated service and requests that certified mail service of the Summons and Complaint in this matter be made on the Defendants, return receipt requested, by serving the Defendant as follows using attorney-initiated service:

[1]
Sun Life Assurance Company of Canada
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

[2]
Union Security Insurance Company
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

Date: February _5_, 2019

Kenneth D. Hampton HAM033
Attorney for Plaintiff
Suite A, 2004 Poole Drive
Huntsville, Alabama 35810
Telephone: 256-859-8900
Fax: 256-859-8853
Email: <u>kenhampton@bellsouth.net</u>

DOCUMENT 10

| STATE OF ALABAMA | Revised 3/5/08 | Cas | | ELECTRONICALLY FILED |

**STATE OF ALABAMA**
Unified Judicial System
47-MADISON

☐ District Court  ☑ Circuit Court

ELECTRONICALLY FILED
2/5/2019 7:47 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

HOLLY NAOMI SIMMONS V. SUN LIFE
ASSURANCE COMPANY OF CANADA ET AL

**CIVIL MOTION COVER SHEET**
*Name of Filing Party:*C001 - SIMMONS HOLLY NAOMI

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
KENNETH D HAMPTON
SUITE A, 2004 POOLE DRIVE
HUNTSVILLE, AL 35810
*Attorney Bar No.:*  HAM033

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other          Request for Certified Mail Service Attorney Initiated |
| | pursuant to Rule  Rule 4(i)(2)(B)(ii)          (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>2/5/2019 7:47:12 AM | Signature of Attorney or Party<br>/s/ KENNETH D HAMPTON |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

DOCUMENT 10

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
2/5/2019 9:38 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,                     )
                                         )
              Plaintiff,                 )
                                         )
Vs.                                      )  Civil Action: <u>47-CV-2019-900246</u>
                                         )
SUN LIFE ASSURANCE COMPANY OF            )
CANADA, a corporation, and UNION SECURITY )
INSURANCE COMPANY, a corporation,        )
                                         )
              Defendants.                )

### <u>Affidavit of Certified Mailing of Process and Complaint</u>

Comes now the attorney for the Plaintiff pursuant to <u>Alabama Rule of Civil Procedure</u>

4(i)(2)(B)(ii) and after first being given an affirmation to speak the truth does depose and state:

I, Kenneth D. Hampton, did on February __5__, 2019 initiate certified mail service by placing

a filed copy of the Summons and Complaint, issued by the Clerk of the below designated Court

on February __5__, 2019, together with Plaintiff's Request for Production to each Defendant in the

United States mail, certified mail with return receipt, copies of the return receipts being attached

hereto, and with postage prepaid to the following persons, corporations, governmental entities, or

other entities:

<u>Entity Served</u>                                    <u>Certified Mail Number</u>

[1]
Sun Life Assurance Company of Canada             7012 1640 0000 9559 2667
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

DOCUMENT 11

[2]
Union Security Insurance Company          7012 1640 0000 9559 2650
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

I have further caused the originals of the return receipts to be returned to the Circuit Court

Clerk of Madison County, Alabama whose address is: Circuit Court Clerk, Civil, Madison County

Courthouse, 100 North Side Square, Huntsville, Alabama, 35801-4280 with the return receipts

showing the following case number: 47-CV-2019-900246. I have personal knowledge of the

facts stated in this affidavit and they are true and correct.

Date: February __5__, 2019

_Kenneth D. Hampton_
Kenneth D. Hampton, [HAM033]
Attorney For Plaintiff
Suite A
2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-Mail:kenhampton@bellsouth.net

State of Alabama)
County of Madison)

## Notary Public

Before me personally appeared the above and foregoing Kenneth D. Hampton, Attorney,
and after first making himself known to me, after first being given an affirmation to speak the
truth, he did in my presence, attest and affirm the above and foregoing Affidavit of Certified
Mailing of Process and Complaint on this the _5th_ day of _February_____, 2019.

_Carolyn Hampton_
Notary Public, State at Large

My Commission Expires on: _April 6_____, 20_19_

DOCUMENT 1.1

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Union Security Insurance Company
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 4221 8121 3854 47

2. Article Number (Transfer from service label)

7012 1640 0000 9559 2650

Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Sun Life Assurance Company of Canada
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 4221 8121 3854 30

2. Article Number (Transfer from service label)

7012 1640 0000 9559 2667

Service Type
Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt



ELECTRONICALLY FILED
2/5/2019 9:38 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

|  |  |
|---|---|
| HOLLY NAOMI SIMMONS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| Vs. | ) Civil Action: <u>47-CV-2019-900246</u> |
|  | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA, a corporation, and UNION SECURITY | ) |
| INSURANCE COMPANY, a corporation, | ) |
|  | ) |
| Defendants. | ) |

### <u>Affidavit of Certified Mailing of Process and Complaint</u>

Comes now the attorney for the Plaintiff pursuant to <u>Alabama Rule of Civil Procedure</u> 4(i)(2)(B)(ii) and after first being given an affirmation to speak the truth does depose and state:

I, Kenneth D. Hampton, did on February _5_, 2019 initiate certified mail service by placing a filed copy of the Summons and Complaint, issued by the Clerk of the below designated Court on February _5_, 2019, together with Plaintiff's Request for Production to each Defendant in the United States mail, certified mail with return receipt, copies of the return receipts being attached hereto, and with postage prepaid to the following persons, corporations, governmental entities, or other entities:

| <u>Entity Served</u> | <u>Certified Mail Number</u> |
|---|---|
| [1]<br>Sun Life Assurance Company of Canada<br>c/o Registered Agent: Morris Feinberg<br>PO Box 1104<br>Montgomery, AL 36102 | 7012 1640 0000 9559 2667 |

[2]
Union Security Insurance Company                    7012 1640 0000 9559 2650
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

    I have further caused the originals of the return receipts to be returned to the Circuit Court

Clerk of Madison County, Alabama whose address is: Circuit Court Clerk, Civil, Madison County

Courthouse, 100 North Side Square, Huntsville, Alabama, 35801-4280 with the return receipts

showing the following case number: 47-CV-2019-900246. I have personal knowledge of the

facts stated in this affidavit and they are true and correct.

Date: February  **5** , 2019

                                Kenneth D. Hampton, [HAM033]
                                Attorney For Plaintiff
                                Suite A
                                2004 Poole Drive
                                Huntsville, Al 35810
                                Telephone: 256-859-8900
                                Fax: 256-859-8853
                                E-Mail:kenhampton@bellsouth.net

 State of Alabama)
County of Madison)

<div align="center">

**Notary Public**

</div>

    Before me personally appeared the above and foregoing Kenneth D. Hampton, Attorney, and after first making himself known to me, after first being given an affirmation to speak the truth, he did in my presence, attest and affirm the above and foregoing Affidavit of Certified Mailing of Process and Complaint on this the **5th** day of **February**          , 2019.

                                  Notary Public, State at Large

My Commission Expires on: **April 6**          , 20 **19**

DOCUMENT 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Union Security Insurance Company
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 4221 8121 3854 47

2. Article Number (Transfer from service label)
7012 1640 0000 9559 2650

Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Sun Life Assurance Company of Canada
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 4221 8121 3854 30

2. Article Number (Transfer from service label)
7012 1640 0000 9559 2667

Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

DOCUMENT 15



ELECTRONICALLY FILED
2/11/2019 4:28 PM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

SIMMONS HOLLY NAOMI,    )
Plaintiff,               )
                      )
V.                   )  Case No.:    CV-2019-900246.00
                      )
SUN LIFE ASSURANCE COMPANY OF )
CANADA,
UNION    SECURITY    INSURANCE )
COMPANY,
Defendants.         )

### ORDER

REQUEST FOR CERTIFIED MAIL SERVICE ATTORNEY INITIATED filed by SIMMONS HOLLY NAOMI is hereby GRANTED.

**DONE this 11th day of February, 2019.**

                         **/s/ DONNA S. PATE**
                         **CIRCUIT JUDGE**

DOCUMENT 22


ELECTRONICALLY FILED
2/22/2019 9:15 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,                          )
                                              )
                    Plaintiff,                )
                                              )
Vs.                                           )   Civil Action: <u>47-CV-2019-900246</u>
                                              )
SUN LIFE ASSURANCE COMPANY OF                 )
CANADA, a corporation, and UNION SECURITY     )
INSURANCE COMPANY, a corporation,             )
                                              )
                    Defendants.               )

### <u>Affidavit of Certified Mailing of Process and Complaint (Second)</u>

Comes now the attorney for the Plaintiff pursuant to <u>Alabama Rule of Civil Procedure</u>

4(i)(2)(B)(ii) and after first being given an affirmation to speak the truth does depose and state:

I, Kenneth D. Hampton, did on February 22nd, 2019 initiate certified mail service by

placing a filed copy of the Summons and Complaint, issued by the Clerk of the below designated

Court on February 22nd, 2019, together with Plaintiff's Request for Production to each Defendant

in the United States mail, certified mail with return receipt, copies of the return receipts being

attached hereto, and with postage prepaid to the following persons, corporations, governmental

entities, or other entities:

<u>Entity Served</u>                                    <u>Certified Mail Number</u>

[1]
Sun Life Assurance Company of Canada              7011 2970 0000 4991 4114
c/o President
One Sun Life Executive Park
Wellesley Hills, MA 02481

I have further caused the originals of the return receipts to be returned to the Circuit Court

Clerk of Madison County, Alabama whose address is: Circuit Court Clerk, Civil, Madison County

Page | 1

Courthouse, 100 North Side Square, Huntsville, Alabama, 35801-4280 with the return receipts

showing the following case number: 47-CV-2019-900246. I have personal knowledge of the

facts stated in this affidavit and they are true and correct.

Date: February 22 , 2019

Kenneth D. Hampton, [HAM033]
Attorney For Plaintiff
Suite A
2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-Mail:kenhampton@bellsouth.net

State of Alabama)
County of Madison)

### Notary Public

    Before me personally appeared the above and foregoing Kenneth D. Hampton, Attorney, and after first making himself known to me, after first being given an affirmation to speak the truth, he did in my presence, attest and affirm the above and foregoing Affidavit of Certified Mailing of Process and Complaint on this the 22 day of February, 2019.

Notary Public, State at Large

My Commission Expires on: April 6 , 2019

DOCUMENT 22

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X                          ☐ Agent<br>                          ☐ Addressee<br>B. Received by *(Printed Name)*      C. Date of Delivery |
| 1. Article Addressed to:<br><br>SUN LIFE ASSURANCE COMPANY OF<br>CANADA C/O PRESIDENT, ONE SUN<br>LIFE EXECUTIVE PARK<br>WELLESLEY HILLS, MA 02481 | D. Is delivery address different from Item 1?  ☐ Yes<br>   If YES, enter delivery address below:    ☐ No |

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 4221 8121 3859 04

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☒ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☒ Return Receipt for Merchandise |
| ☐ Collect on Delivery | |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation™ |
| ☐ Insured Mail | ☐ Signature Confirmation Restricted Delivery |
| ☐ Insured Mail Restricted Delivery (over $500) | |

2. Article Number *(Transfer from service label)*

7011 2970 0000 4991 4114

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



## CSC

# Notice of Service of Process

<div align="right">

MC4 / ALL
Transmittal Number: 19348068
Date Processed: 02/12/2019

</div>

Primary Contact:     Ms. Mona Cohen
                     Assurant
                     11222 Quail Roost Drive
                     Miami, FL 33157-6596

| | |
|---|---|
| Entity: | Union Security Insurance Company |
| | Entity ID Number  2319225 |
| Entity Served: | Union Security Insurance Company |
| Title of Action: | Holly Naomi Simmons vs. Sun Life Assurance Company of Canada |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Madison County Circuit Court, AL |
| Case/Reference No: | 47-CV-2019-900246.00 |
| Jurisdiction Served: | Kansas |
| Date Served on CSC: | 02/08/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Kenneth D. Hampton |
| | 256-859-8900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



AlaFile E-Notice

47-CV-2019-900246.00

To:  UNION SECURITY INSURANCE COMPANY (PRO SE)
CORPORATION SERVICE COMPA
2900 SW WANAMAKER DR, 204
TOPEKA, KS, 66614-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL
47-CV-2019-900246.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 2/5/2019 9:38:32 AM

Notice Date:      2/5/2019 9:38:32 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

DOCUMENT 13



ELECTRONICALLY FILED
2/5/2019 9:38 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,               )
                                   )
                    Plaintiff,     )
                                   )
Vs.                                )   Civil Action: <u>47-CV-2019-900246</u>
                                   )
SUN LIFE ASSURANCE COMPANY OF      )
CANADA, a corporation, and UNION SECURITY )
INSURANCE COMPANY, a corporation,  )
                                   )
                    Defendants.    )

### Affidavit of Certified Mailing of Process and Complaint

Comes now the attorney for the Plaintiff pursuant to <u>Alabama Rule of Civil Procedure</u>

4(i)(2)(B)(ii) and after first being given an affirmation to speak the truth does depose and state:

I, Kenneth D. Hampton, did on February _5_, 2019 initiate certified mail service by placing

a filed copy of the Summons and Complaint, issued by the Clerk of the below designated Court

on February _5_, 2019, together with Plaintiff's Request for Production to each Defendant in the

United States mail, certified mail with return receipt, copies of the return receipts being attached

hereto, and with postage prepaid to the following persons, corporations, governmental entities, or

other entities:

<u>Entity Served</u>                              <u>Certified Mail Number</u>

[1]
Sun Life Assurance Company of Canada          7012 1640 0000 9559 2667
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

DOCUMENT 13

[2]
Union Security Insurance Company          7012 1640 0000 9559 2650
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

I have further caused the originals of the return receipts to be returned to the Circuit Court

Clerk of Madison County, Alabama whose address is: Circuit Court Clerk, Civil, Madison County

Courthouse, 100 North Side Square, Huntsville, Alabama, 35801-4280 with the return receipts

showing the following case number: 47-CV-2019-900246. I have personal knowledge of the

facts stated in this affidavit and they are true and correct.

Date: February __5__, 2019

_Kenneth D. Hampton_
Kenneth D. Hampton, [HAM033]
Attorney For Plaintiff
Suite A
2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-Mail:kenhampton@bellsouth.net

State of Alabama)
County of Madison)

### Notary Public

Before me personally appeared the above and foregoing Kenneth D. Hampton, Attorney,
and after first making himself known to me, after first being given an affirmation to speak the
truth, he did in my presence, attest and affirm the above and foregoing Affidavit of Certified
Mailing of Process and Complaint on this the __5th__ day of __February__, 2019.

_Carolyn Hampton_
Notary Public, State at Large

My Commission Expires on: __April 6__, 20_19_

DOCUMENT 13

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Union Security Insurance Company
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 4221 8121 3854 47

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7012 1640 0000 9559 2650

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Sun Life Assurance Company of Canada
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 4221 8121 3854 30

**Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7012 1640 0000 9559 2667

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt



AlaFile E-Notice

47-CV-2019-900246.00

To: UNION SECURITY ████ INSURANCE COMPANY, A CORP,
CORPORATION SERVICE COMPA
2900 SW WANAMAKER DR, 204
TOPEKA, KS, 66614

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E
47-CV-2019-900246.00

The following complaint was FILED on 2/4/2019 6:19:28 PM

Notice Date:      2/4/2019 6:19:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2019-900246.00 |
| --- | --- | --- |

<div align="center">

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E**

</div>

**NOTICE TO:** UNION SECURITY ██████ INSURANCE COMPANY, A CORP,, CORPORATION SERVICE COMPA 2900 SW WANAMAKER DR, 204, TOPEKA, KS 66614

<div align="center"><em>(Name and Address of Defendant)</em></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH D HAMPTON

<div align="center"><em>[Name(s) of Attorney(s)]</em></div>

WHOSE ADDRESS(ES) IS/ARE: SUITE A, 2004 POOLE DRIVE, HUNTSVILLE, AL 35810

<div align="center"><em>[Address(es) of Plaintiff(s) or Attorney(s)]</em></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

<div align="center">

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

</div>

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of UNDERLINE HOLLY NAOMI SIMMONS pursuant to the Alabama Rules of the Civil Procedure.

| 2/4/2019 6:19:28 PM | /s/ DEBRA KIZER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ KENNETH D HAMPTON

<div align="center"><em>(Plaintiff's/Attorney's Signature)</em></div>

<div align="center">

**RETURN ON SERVICE**

</div>

☐ Return receipt of certified mail received in this office on _____

<div align="right"><em>(Date)</em></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

<div align="center"><em>(Name of Person Served)</em>      <em>(Name of County)</em></div>

Alabama on _____

<div align="center"><em>(Date)</em></div>

| | | *(Address of Server)* |
| --- | --- | --- |
| *(Type of Process Server)* | *(Server's Signature)* | |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

DOCUMENT 1

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>47<br><br>Date of Filing:<br>02/04/2019 | **ELECTRONICALLY FILED**<br>2/4/2019 6:19 PM<br>47-CV-2019-900246.00<br>CIRCUIT COURT OF<br>MADISON COUNTY, ALABAMA<br>DEBRA KIZER, CLERK<br>Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**HOLLY NAOMI SIMMONS v. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, ET AL**

**First Plaintiff:** ☐ Business   ☑ Individual          **First Defendant:** ☑ Business   ☐ Individual
                    ☐ Government   ☐ Other                              ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
          Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☑ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
          Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**          A ☐ **APPEAL FROM**          O ☐ **OTHER**
                                                **DISTRICT COURT**

            R ☐ **REMANDED**                T ☐ **TRANSFERRED FROM**
                                                **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   Note: Checking "Yes" does not constitute a demand for a
                                               jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
  HAM033                    2/4/2019 6:19:03 PM                    /s/ KENNETH D HAMPTON
                          _____            _____
                                Date                       Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☐ NO

DOCUMENT 2



ELECTRONICALLY FILED
2/4/2019 6:19 PM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
# JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| HOLLY NAOMI SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Civil Action: |
| | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA, a corporation, and UNION | ) |
| SECURITY INSURANCE COMPANY, a | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Count One
[Breach of Group Short-Term Disability Policy]

1. The Plaintiff is Holly Naomi Simmons and she is over the age of nineteen and of sound mind. The Plaintiff is a resident of Huntsville, Madison County, Alabama.

2. The Defendant Sun Life Assurance Company of Canada is a corporation incorporated in Montreal, Canada but registered with the Secretary of State of Alabama. The Defendant Sun Life Assurance Company of Canada does business in Huntsville, Madison County, Alabama by selling, issuing and administering insurance policies in Huntsville, Madison County, Alabama.

3. The Defendant Union Security Insurance Company is an insurance company authorized by the Commissioner of Insurance of the State of Alabama to sell and

issue Group Disability Insurance policies in the State of Alabama including Huntsville, Madison County, Alabama. The Defendant Union Security Insurance Company is a corporation.

4. The Defendant Sun Life Assurance Company of Canada also does business as Sun Life Financial, Inc and/or Sun Life Financial and has at times administered the policy of short-term insurance that is at issue in this matter under the name of Sun Life Financial, Inc and the name Sun Life Financial.

5. Sun Life Assurance Company of Canada also does business in the State of Alabama under the name of Union Security Life Insurance Company.

6. The Plaintiff was employed by Reynolds, Reynolds, and Little, LLC, the successor to Reynolds, Reynolds, and Duncan, LLC, in Huntsville, Madison County, Alabama as a Real Estate Mortgage Loan Closer employee for the loan closings performed by Reynolds, Reynolds, and Little, LLC in Madison County, Alabama.

7. Reynolds, Reynolds, and Little, LLC purchased from the Defendants a Group Short-Term Disability Insurance Policy for their employees and Reynolds, Reynolds, and Little, LLC is the policyholder of the Group Short-Term Disability Insurance Policy with an effective date of September 15, 2008. Reynolds, Reynolds, and Little, LLC paid the premiums for the policy of insurance but did not administer the claims filed under the policy of insurance and did not perform the functions of a Plan Administrator.

DOCUMENT 2

8. This Group Short-Term Disability Insurance policy specifically provides that it is a policy of insurance being sold in Alabama and subject to the laws of the State of Alabama.

9. The policy of insurance is to pay sixty percent (60%) of the gross weekly pay of an employee that is provided coverage by the Group Short-Term Disability Insurance policy issued to Reynolds, Reynolds, and Little LLC.

10. The claims filed under the Group Short-Term Disability Insurance policy were determined by the Defendants and not by the policyholder/Employer, Reynolds, Reynolds, and Little, LLC. The policy of insurance provides that the terms "We, Us and Our means Union Security Insurance Company". The Group Short-Term Disability Insurance policy also provides "Authority: The policyholder delegates to us and agrees that we have the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the policy." The Defendants are therefore the Plan Administrator and the Claims Administrator for the Group Short-Term Disability Insurance policy.

11. This Court has jurisdiction of this policy of insurance issued to Reynold, Reynolds, and Little, LLC as the policyholder to provide short term disability benefits to its employees pursuant to 29 U.S.C. § 1132(e).

DOCUMENT 2

12. Venue is proper in Madison County, Alabama as the Plaintiff is a resident of Huntsville, Madison County, Alabama and her employment with Reynolds, Reynolds, and Little LLC was in Huntsville, Madison County, Alabama.

13. The Plaintiff last worked on February 15, 2016 and filed a claim with the Defendants for short term disability benefits.

14. The Defendants paid the Plaintiff short term disability benefits under the terms of the Group Short-Term Disability insurance policy from February 22, 2016 to April 14, 2016 but did not issue a decision regarding the denial of benefits are April 14, 2016 until January 8, 2018.

15. The Plaintiff appealed the decision of the Defendants to deny short term disability benefits to the Plaintiff and that appeal was received by the Defendants on June 25, 2018.

16. The Defendants issued a decision on September 10, 2018 denying to the Plaintiff short-term disability benefits under the terms of the Group Short-Term Disability insurance policy. This decision did not permit any further appeals administratively with the Defendants and the Plaintiff has exhausted her appeals before the Defendants.

17. The Group Short-Term Disability insurance policy is an own occupational policy that provides that benefits are to be paid if a disabled employee of Reynolds, Reynolds and Little LLC has "An Injury, sickness, or pregnancy requires you to be

under the regular care or attendance of a doctor and prevents you from performing at least one of the material duties of your regular occupation."

18. The Plaintiff suffers from multiple medical conditions that prevent her from being able to perform the material duties of her occupation as a Real Estate Loan Closer. The Plaintiff among other medical conditions suffers from uncontrolled diabetes, Fibromyalgia with severe pain, hypercalcemia and parathyroid adenoma with increased fatigue, muscle pain, and heart palpations, multilevel degenerative changes with arthropathy of the knees, ankles, and shoulder, degenerative changes of the spine, seizure like activity, generalized seizure disorder, confusion, lupus with impaired cognitive skills, memory difficulty, photo sensitivity, joint pain and joint swelling, fatigue, muscle weakness, arthritis and Bechet's Disease resulting in partial loss of vision in the right eye. The Plaintiff must use a cane to walk or stand. The Plaintiff's medical conditions have also led to morbid obesity and swelling that requires leg elevation.

19. These conditions would prevent the Plaintiff from performing multiple requirements of her occupation by causing her to be unable to attend work, function in a manner that would allow for the accurate preparation of documents, sit in a position that would permit her to use office equipment, walk as required to transport documents in the office for signatures and/or review and concentrate and focus long

DOCUMENT 2

enough to perform her job in an adequate manner as well as other limitations that would be caused by her seizures and other medical conditions.

20. The Plaintiff has been under the regular care of multiple physicians and as a part of her appeal the Plaintiff submitted medical records from Kenneth Moultrie, OD, Endocrinology and Diabetes Associates, Rheumatology Associates of North Alabama, Huntsville Cardiovascular Clinic, Ear Nose Throat Neck Surgery of Huntsville, Kara Wallace, MD, Huntsville Hospital, The Orthopaedic Center, David A. McLain, M.D., Crestwood Medical Center, Huntsville Hospital Neurological Associates, and Tennessee Valley Pain Consultants to establish not only the medical conditions from which she suffers but the ongoing regular medical care from a doctor.

21. The Plaintiff also submitted vocational evidence that given her medical conditions and treatment and the medical opinions of her treating physicians that the Plaintiff could not only not perform her own occupation as a Real Estate Closer but that she could not perform any work with her medical conditions and limitations.

22. The Defendants did deny the Plaintiff benefits by the decision of September 10, 2018 and the September 10, 23018 denial of benefits by the Defendants constitutes a breach of the terms of the Group Short-Term Disability Insurance policy.

23. The Plaintiff was paid the sum of Nine Hundred and Sixty Dollars ($960.00) per week for her employment with Reynolds, Reynolds, and Little, LLC. Under the

DOCUMENT 2

terms of the insurance policy, the short-term disability benefits that should have been paid to the Plaintiff would have been sixty percent (60%) of this amount or Five Hundred Seventy-Six Dollars ($576.00) per week. The benefits are not paid for the first seven (7) days. After the first seven days, the short-term disability benefits are to be paid for a period of twelve (12) weeks.

24. The Defendants in this matter paid short term disability benefits to the Plaintiff for a period of seven weeks and three days from February 22, 2016 to April 14, 2016. The decision of the Defendants to refuse to pay the remaining weeks of short-term disability benefits to the Plaintiff was arbitrary and capricious and based on the financial interest of the Defendants and not upon the medical and vocational facts with respect to the Plaintiff.

25. As a proximate consequence of the breach of the short-term disability insurance policy and the arbitrary and capricious manner of that breach, the Plaintiff has been caused to suffer the loss of short term disability benefits for the remaining four weeks and two days of the benefit period under the terms of the short term disability policy and the bad faith refusal to consider an award of benefits under the long term disability insurance policy issued by the same Defendants.

26. The Plaintiff has met all the conditions precedent under the terms of the Group Short Term Disability insurance policy issued by the Defendants and has exhausted all administrative remedies that are available under the terms of the Group Short

Term Disability insurance policy and any further attempts at an administrative remedy would be futile and inadequate and there are no further administrative appeals provided by the terms of the Group Short Term Disability insurance policy issued by the Defendants for the employees of Reynolds, Reynolds, and Little, LLC.

Wherefore, the Plaintiff demands a judgment against the Defendants for all benefits that she is entitled to receive under the terms of the Group Short-Term Disability insurance policy that insures benefits for the participants and employees of Reynolds, Reynolds, and Little, LLC, whether such benefits are deemed actual and/or compensatory damages or employee welfare disability benefits, and attorney fees, costs, and such other, further, and different relief as the Court deems just, proper, and equitable.

## Count Two
[Breach of Group Long-Term Disability Policy]

1. The Plaintiff is Holly Naomi Simmons and she is over the age of nineteen and of sound mind. The Plaintiff is a resident of Huntsville, Madison County, Alabama.

2. The Defendant Sun Life Assurance Company of Canada is a corporation incorporated in Montreal, Canada but registered with the Secretary of State of Alabama. The Defendant Sun Life Assurance Company of Canada does business in Huntsville, Madison County, Alabama by selling, issuing and administering insurance policies in Huntsville, Madison County, Alabama.

DOCUMENT 2

3. The Defendant Union Security Insurance Company is an insurance company authorized by the Commissioner of Insurance of the State of Alabama to sell and issue Group Disability Insurance policies in the State of Alabama including Huntsville, Madison County, Alabama. The Defendant Union Security Insurance Company is a corporation.

4. The Defendant Sun Life Assurance Company of Canada also does business as Sun Life Financial, Inc and/or Sun Life Financial and has at times administered the policy of Long-term insurance that is at issue in this matter under the name of Sun Life Financial, Inc and the name Sun Life Financial.

5. Sun Life Assurance Company of Canada also does business in the State of Alabama under the name of Union Security Life Insurance Company.

6. The Plaintiff was employed by Reynolds, Reynolds, and Little, LLC, the successor to Reynolds, Reynolds, and Duncan, LLC, in Huntsville, Madison County, Alabama as a Real Estate Mortgage Loan Closer employee for the loan closings performed by Reynolds, Reynolds, and Little, LLC in Madison County, Alabama.

7. Reynolds, Reynolds, and Little, LLC purchased from the Defendants a Group Long-Term Disability Insurance Policy for their employees and Reynolds, Reynolds, and Little, LLC is the policyholder of the Group Long-Term Disability Insurance Policy with an effective date of September 15, 2008. Reynolds, Reynolds, and Little, LLC paid the premiums for the policy of insurance but did not administer

-----------------------
-9-

the claims filed under the policy of insurance and did not perform the functions of a Plan Administrator.

8. This Group Long-Term Disability Insurance policy specifically provides that it is a policy of insurance being sold in Alabama and subject to the laws of the State of Alabama.

9. The policy of insurance is to pay sixty percent (60%) of the gross weekly pay of an employee that is provided coverage by the Group Long-Term Disability Insurance policy issued to Reynolds, Reynolds, and Little LLC. In addition, the policy of insurance provides that it will pay an additional twenty percent (20%) in benefits for an inability to perform at least two activities of daily living within a thirty-day period. Activities of Daily Living is defined to include bathing, dressing, and toileting.

10. The claims filed under the Group Long-Term Disability Insurance policy were determined by the Defendants and not by the policyholder/Employer, Reynolds, Reynolds, and Little, LLC. The policy of insurance provides the terms "We, Us and Our means Union Security Insurance Company". The Group Long-Term Disability Insurance policy also provides "Authority: The policyholder delegates to us and agrees that we have the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the policy." The Defendants are

therefore the Plan Administrator and the Claims Administrator for the Group Long-Term Disability Insurance policy.

11. This Court has jurisdiction of this policy of insurance issued to Reynold, Reynolds, and Little, LLC as the policyholder to provide Long term disability benefits to its employees pursuant to 29 U.S.C. § 1132(e).

12. Venue is proper in Madison County, Alabama as the Plaintiff is a resident of Huntsville, Madison County, Alabama and her employment was in Huntsville, Madison County, Alabama.

13. The Plaintiff last worked on February 15, 2016 and a claim was filed with the Defendants for Long term disability benefits while the application for Group Short Term Disability benefits was still pending before the Defendants.

14. The Defendants have not paid the Plaintiff Long term disability benefits under the terms of the Group Long-Term Disability insurance policy but did issue a denial decision regarding those benefits on January 11, 2018.

15. The Plaintiff appealed the decision of the Defendants to deny Long term disability benefits to the Plaintiff and that appeal was received by the Defendants on June 25, 2018.

16. The Defendants issued a decision on September 10, 2018 denying to the Plaintiff Long-term disability benefits under the terms of the Group Long-term disability insurance policy. This decision did not permit any further appeals administratively

with the Defendants and the Plaintiff has exhausted her appeals before the Defendants.

17. The Group Long-Term Disability insurance policy provides that disability for the first twenty-four months that benefits are to be paid if a disabled employee of Reynolds, Reynolds and Little LLC has "An Injury, sickness, or pregnancy requires you to be under the regular care or attendance of a doctor and prevents you from performing at least one of the material duties of your regular occupation."

18. The Group Long-term disability insurance policy provides that disability benefits after the first twenty-four months are to be paid if a disabled employee of Reynolds, Reynolds and Little LLC has "An Injury, sickness, or pregnancy prevents you from performing at least one of the material duties of each gainful occupation for which your education, training and experience qualifies you."

19. The Plaintiff suffers from multiple medical conditions that prevent her from being able to perform the material duties of her occupation as a Real Estate Loan Closer and/or the material duties of any other occupation for which she has education, training or experience. The Plaintiff among other medical conditions suffers from uncontrolled diabetes, Fibromyalgia with severe pain, hypercalcemia and parathyroid adenoma with increased fatigue, muscle pain, and heart palpations, multilevel degenerative changes with arthropathy of the knees, ankles, and shoulder, degenerative changes of the spine, seizure like activity, generalized seizure disorder,

confusion, lupus with impaired cognitive skills, memory difficulty, photo sensitivity, joint pain and joint swelling, fatigue, muscle weakness, arthritis and Bechet's Disease resulting in partial loss of vision in the right eye. The Plaintiff must use a cane to walk or stand. The Plaintiff's medical conditions have also led to morbid obesity and swelling that requires leg elevation.

20. These conditions would prevent the Plaintiff from performing multiple requirements of her occupation and/or any other occupation by causing her to be unable to attend work, function in a manner that would allow for the accurate preparation of documents, sit in a position that would permit her to use office equipment, walk as required to transport documents in the office for signatures and/or review and concentrate and focus long enough to perform her job in an adequate manner as well as other limitations that would be caused by her seizures and other medical conditions.

21. The Plaintiff has been under the regular care of multiple physicians and as a part of her appeal the Plaintiff submitted medical records from Kenneth Moultrie, OD, Endocrinology and Diabetes Associates, Rheumatology Associates of North Alabama, Huntsville Cardiovascular Clinic, Ear Nose Throat Neck Surgery of Huntsville, Kara Wallace, MD, Huntsville Hospital, The Orthopaedic Center, David A. McLain, M.D., Crestwood Medical Center, Huntsville Hospital Neurological Associates, and Tennessee Valley Pain Consultants to establish not only the medical

conditions from which she suffers but the ongoing regular medical care from a doctor.

22. The Plaintiff also submitted vocational evidence that given her medical conditions and treatment and the medical opinions of her treating physicians that the Plaintiff could not only not perform her own occupation as a Real Estate Closer but that she could not perform any work with her medical conditions and limitations.

23. The Defendants did deny the Plaintiff benefits by the decision of September 10, 2018 and the September 10, 23018 denial of benefits by the Defendants constitutes a breach of the terms of the Group Long-Term Disability Insurance policy.

24. The Plaintiff was paid the sum of Nine Hundred and Sixty Dollars ($960.00) per week for her employment with Reynolds, Reynolds, and Little, LLC. Under the terms of the Group Long-Term Disability insurance policy, the long-term disability benefits that should have been paid to the Plaintiff would have been sixty percent (60%) of this amount or Five Hundred Seventy-Six Dollars ($576.00) per week beginning ninety days after the last date of employment which would have been May 16, 2016 or beginning with the last date of payment of group short-term disability benefits.

25. In addition, there have been and continue to be periods of thirty days where the Plaintiff's medical conditions would not allow her to perform activities of daily living as defined by the Group Long-Term Disability policy. During those periods,

the twenty percent (20%) of the Plaintiff's pay from Reynolds, Reynolds, and Little LLC would be One Hundred Ninety-Two ($192.00) dollars per week.

26. The decision of the Defendants to refuse to pay both the long-term disability benefits and the benefits for those months that the Plaintiff could not perform the activities of daily living was arbitrary and capricious and based on the financial interest of the Defendants and not upon the medical and vocational facts with respect to the Plaintiff.

27. As a proximate consequence of the breach of the Group Long-Term Disability insurance policy and the arbitrary and capricious manner of that breach, the Plaintiff has been caused to suffer the loss of Long term disability benefits at the rate of Five Hundred Seventy-Six Dollars [$576.00] per week from May 16, 2016 through the present date and continuing after this date as the Plaintiff continues to meet the test for disability benefits under the terms of the Group Long-Term Disability insurance policy and  the benefits for the inability to perform activities of daily living at the rate of One Hundred Ninety Two [$192.00] per week for those periods of thirty days when the Plaintiff was unable to perform activities of daily living and for those periods of thirty days when the Plaintiff continues to be unable to perform the activities of daily living as defined by the Group Long Term disability insurance policy.

DOCUMENT 2

28. The Plaintiff has met all the conditions precedent under the terms of the Group Long Term Disability insurance policy issued by the Defendants and has exhausted all administrative remedies that are available under the terms of the Group Long Term Disability insurance policy and any further attempts at an administrative remedy would be futile and inadequate and there are no further administrative appeals provided by the terms of the Group Long Term Disability insurance policy issued by the Defendants for the employees of Reynolds, Reynolds, and Little, LLC.

Wherefore, the Plaintiff demands a judgment against the Defendants for all benefits that she is entitled to receive under the terms of the Group Long-Term Disability insurance policy that insures benefits for the participants and employees of Reynolds, Reynolds, and Little, LLC, whether such benefits are deemed actual and/or compensatory damages or employee welfare disability benefits, and attorney fees, costs, and such other, further, and different relief as the Court deems just, proper, and equitable.

Date: February __4__, 2019

_Kenneth D. Hampton_
Kenneth D. Hampton
Attorney for the Plaintiff
Attorney ID: HAM033
Suite A, 2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-mail: kenhampton@bellsouth.net

-16-

<u>Serve Defendants by Attorney Initiated Certified Mail</u>:


[1]
Sun Life Assurance Company of Canada
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

[2]
Union Security ██████ Insurance Company
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2019-900246.00 |

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E

**NOTICE TO:** UNION SECURITY LIFE INSURANCE COMPANY, A CORP,, CORPORATION SERVICE COMPA 2900 SW WANAMAKER DR, 204, TOPEKA, KS 66614

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH D HAMPTON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: SUITE A, 2004 POOLE DRIVE, HUNTSVILLE, AL 35810

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HOLLY NAOMI SIMMONS pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 2/4/2019 6:19:28 PM | /s/ DEBRA KIZER | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ KENNETH D HAMPTON

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*               *(Name of County)*

Alabama on _____

*(Date)*

_____               _____
*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____               _____
*(Server's Printed Name)*     *(Phone Number of Server)*

**47-CV-2019-900246.00**
HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E

| C001 - HOLLY NAOMI SIMMONS | v. | D002 - UNION SECURITY LIFE INSURANCE COMPANY, A CORP, |
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**



AlaFile E-Notice

47-CV-2019-900246.00

Judge: DONNA S. PATE

To: UNION SECURITY INSURANCE COMPANY (PRO SE)
CORPORATION SERVICE COMPA
2900 SW WANAMAKER DR, 204
TOPEKA, KS, 66614-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL
47-CV-2019-900246.00

The following matter was FILED on 2/5/2019 7:48:23 AM

**C001 SIMMONS HOLLY NAOMI**
REQUEST FOR CERTIFIED MAIL SERVICE ATTORNEY INITIATED
[Filer: HAMPTON KENNETH DEWAYNE]

Notice Date:    2/5/2019 7:48:23 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

DOCUMENT 10

| STATE OF ALABAMA | Revised 3/5/08 | Cas | ELECTRONICALLY FILED 2/5/2019 7:47 AM 47-CV-2019-900246.00 CIRCUIT COURT OF MADISON COUNTY, ALABAMA DEBRA KIZER, CLERK |
|---|---|---|---|
| Unified Judicial System | | | |
| 47-MADISON | ☐ District Court  ☑ Circuit Court | CV2 | |

| HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL | CIVIL MOTION COVER SHEET *Name of Filing Party:* C001 - SIMMONS HOLLY NAOMI |
|---|---|

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

KENNETH D HAMPTON
SUITE A, 2004 POOLE DRIVE
HUNTSVILLE, AL 35810
*Attorney Bar No.:*  HAM033

☐ Oral Arguments Requested

## TYPE OF MOTION

**Motions Requiring Fee**

☐ Default Judgment ($50.00)

☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)

☐ Judgment on the Pleadings ($50.00)

☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00)

☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)

☐ Summary Judgment pursuant to Rule 56 ($50.00)

☐ Motion to Intervene ($297.00)

☐ Other _____
pursuant to Rule _____ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $   0

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☑ Other   Request for Certified Mail Service Attorney Initiated
pursuant to Rule  Rule 4(i)(2)(B)(ii)   (Subject to Filing Fee)

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐ | Date: 2/5/2019 7:47:12 AM | Signature of Attorney or Party /s/ KENNETH D HAMPTON |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

DOCUMENT 11



ELECTRONICALLY FILED
2/5/2019 7:47 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-~~~~~
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,                        )
                                            )
                    Plaintiff,              )
                                            )
Vs.                                         )  Civil Action: <u>47-CV-2019-900246</u>
                                            )
SUN LIFE ASSURANCE COMPANY OF               )
CANADA, a corporation, and UNION SECURITY   )
INSURANCE COMPANY, a corporation,           )
                                            )
                    Defendants.             )

### <u>Plaintiff Amended Request Certified Mail Service on the Defendants</u>

     Comes now the Plaintiff pursuant to <u>Alabama Rule of Civil Procedure</u> 4 and <u>Alabama Rule of Civil Procedure</u> 4(i)(2)(B)(ii) permitting attorney-initiated service and requests that certified mail service of the Summons and Complaint in this matter be made on the Defendants, return receipt requested, by serving the Defendant as follows using attorney-initiated service:

[1]
Sun Life Assurance Company of Canada
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

[2]
Union Security Insurance Company
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

Date: February  **5**  , 2019

                                            *Kenneth D. Hampton*
                                        Kenneth D. Hampton HAM033
                                        Attorney for Plaintiff
                                        Suite A, 2004 Poole Drive
                                        Huntsville, Alabama 35810
                                        Telephone: 256-859-8900
                                        Fax: 256-859-8853
                                        Email: kenhampton@bellsouth.net



AlaFile E-Notice

47-CV-2019-900246.00

To: UNION SECURITY ████ INSURANCE COMPANY, A CORP, (PRO S
CORPORATION SERVICE COMPA
2900 SW WANAMAKER DR, 204
TOPEKA, KS, 66614-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E
47-CV-2019-900246.00

The following discovery was FILED on 2/4/2019 7:00:26 PM

Notice Date:     2/4/2019 7:00:26 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

DOCUMENT 8



ELECTRONICALLY FILED
2/4/2019 7:00 PM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,                    )
                                        )
                          Plaintiff,    )
                                        )
Vs.                                     )   Civil Action: <u>47-CV-2019-900246</u>
                                        )
SUN LIFE ASSURANCE COMPANY OF           )
CANADA, a corporation, and UNION SECURITY )
INSURANCE COMPANY, a corporation,       )
                                        )
                          Defendants.   )

### Plaintiff's First Notice Identifying Discovery Materials

Pursuant to the Standing Order of this Court as it pertains to discovery materials and <u>Alabama Rule of Civil Procedure</u> 5(d), please take notice that the following itemized discovery documents have been filed in this action and the originals of such documents are being retained by the Plaintiff's attorney as Custodian and that such itemized discovery documents are or will be served pursuant to <u>Alabama Rule of Civil Procedure</u> 4 with the Summons and Complaint in this matter:

[1] Plaintiff's First Request for Production of Documents to Sun Life Assurance Company of Canada, a corporation.

[2] Plaintiff's First Request for Production of Documents to Union Security Insurance Company, a corporation.

Date: February _4_, 2019

Kenneth D. Hampton
Attorney for the Plaintiff
Attorney ID: HAM033
Suite A, 2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-mail: <u>kenhampton@bellsouth.net</u>

1

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,                    )
                                        )
                    Plaintiff,          )
                                        )
Vs.                                     )   Civil Action: <u>47-CV-2019-900246</u>
                                        )
SUN LIFE ASSURANCE COMPANY OF           )
CANADA, a corporation, and UNION SECURITY )
INSURANCE COMPANY, a corporation,       )
                                        )
                    Defendants.         )

### <u>Plaintiff's First Request for Production of Documents, etc., to Defendant Sun Life Assurance Company of Canada, a corporation,</u>

Comes now the Plaintiff, Holly Naomi Simmons, pursuant to <u>Alabama Rule of Civil Procedure</u> 34, and requests the Defendant, Sun Life Assurance Company of Canada, a corporation, to respond within forty-five (45) days to the following requests:

<u>Miscellaneous Instructions:</u>

{a} If any document responsive to these requests for production has been lost, destroyed, or is otherwise not in existence or not capable of production, describe the document, its contents and the reason(s) for the document(s) non-availability.

{b} Plaintiff expressly reserves the right to challenge any claim of privilege, but if in responding to any request for production and/or identifying any document that is responsive to the following requests for production, the Defendant Sun Life Assurance Company of Canada, a corporation, finds it necessary to claim privilege of any type, redact the language of such document that you claim to be privileged and produce the edited version openly and plainly stating on the document produced to the Plaintiff "Edited".

---

{c} If any document, thing, picture, video, and/or other item requested by these requests for production of documents shall be created, stored, filed, maintained or otherwise have a digital or electronic format file of any type, the document, thing, picture, video, and/or other item requested shall be produced in its unedited digital and/or electronic format.

## Requests For Production:

[1] That the Defendant, Sun Life Assurance Company of Canada, a corporation, produce and permit the Plaintiff to inspect and to copy each of the following documents, items, or things:

(A) The applications of the Plaintiff for both the short-term and the long-term disability insurance policy and/or employee plan benefit made with the Defendant, Sun Life Assurance Company of Canada, a corporation, and/or the Plaintiff's Employer, Reynolds, Reynolds and Little, LLC, with respect to both the short-term and the long term disability benefits sought by the Plaintiff pursuant to the terms of the insurance policies and/or employee benefit plan that applies to the Plaintiff.

(B) A certified copy of the Long Term Disability Plan, the insuring insurance policy, declarations page, all amendments to either the Long Term Disability Plan and/or the insuring insurance policy since the original effective date of the original Long Term Disability plan, and all endorsements with respect to the long term disability benefits policy issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, and which applies to the proof of claim and/or statement of claim filed by or on behalf of the Plaintiff for long term disability benefits. This request for Production in addition to the documents described above shall specifically include, but shall not be limited to:

[1] The Plan documents including any wrap around plan documents in complete form.

[2] All Annual Return/Report of Employee Benefit Plans, Form 5500, including all documents filed with such forms.

[3] All Plan documents that are accessible by "links" or are available on any website maintained by: Sun Life Assurance Company of Canada, a corporation.

[4] All Statements required to be furnished to the policyholder by Alabama Code § 27-20-2.

(B-2) A certified copy of the Short Term Disability Plan, the insuring insurance policy, declarations page, all amendments to either the Short Term Disability Plan and/or the insuring insurance policy since the original effective date of the original Short Term Disability plan, and all endorsements with respect to the long term disability benefits policy issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, and which applies to the proof of claim and/or statement of claim filed by or on behalf of the Plaintiff for short term disability benefits. This request for Production in addition to the documents described above shall specifically include, but shall not be limited to:

[1] The Plan documents including any wrap around plan documents in complete form.

[2] All Annual Return/Report of Employee Benefit Plans, Form 5500, including all documents filed with such forms.

[3] All Plan documents that are accessible by "links" or are available on any website maintained by: Sun Life Assurance Company of Canada, a corporation.

[4] All Statements required to be furnished to the policyholder by Alabama Code § 27-20-2.

(C) A certified copy of the Summary Plan Description with respect to the employee benefits plan that applies to the employees of Reynolds, Reynolds and Little, LLC, with respect to the short term and long term disability benefits for which the policy was issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, including all amendments to the Summary Plan Description since the original effective date of the short term and long term disability plan and showing the effective date of each such amendment.

(D) Any and all letters, mailgrams, e-mail transmissions, telegrams, memorandums of conversations with the Plaintiff, and/or other correspondence to the Plaintiff in the possession of the Defendant, Sun Life Assurance Company of Canada, a corporation, regardless of the source from which such document was received and regardless of the source that created the document and to specifically include all such documents created by the Defendant, Sun Life Assurance Company of Canada, a corporation.

(E) Any and all letters, mailgrams, e-mail transmissions, telegrams, and/or other correspondence received by and/or sent by the Defendant, Sun Life Assurance Company of Canada, a corporation, from the Plaintiff and/or anyone on behalf of the Plaintiff, to include but not be limited to any healthcare provider and/or person acting as the representative of the Plaintiff.

(F) Any and all manuals, memorandums, internal policy procedures describing or prescribing the claims evaluation process by the Defendant, Sun Life Assurance Company of Canada, a corporation, with respect to the type of policy and/or policies by which the Plaintiff is seeking benefits.

(G) Any and all internal letters, internal e-mails, fax transmittals, internal memorandums, or any other written communication with respect to the short-term disability policy, the long-term disability policy and/or any claim filed by the Plaintiff with the Defendant, Sun Life Assurance Company of Canada, a corporation.

(H) Any and all proofs of claim and/or statements of claim filed by the Plaintiff or on behalf of the Plaintiff with the Defendant, Sun Life Assurance Company of Canada, a corporation, and/or the Plaintiff's Employer, Reynolds, Reynolds and Little, LLC, seeking short term disability benefits and/or long-term disability benefits together with all other documents filed with the proof of claim and/or statement of claim.

(I) Any and all underwriting manuals that discuss, relate to, or provide for the type of policy and/or policies purchased from the Defendant, Sun Life Assurance Company of Canada, a corporation, and through which the Plaintiff is seeking benefits.

(J) Any and all manuals, memorandums, or other internal statements of the Defendant, Sun Life Assurance Company of Canada, a corporation, interpreting the policy language and exclusions and interpreting the language of any and all endorsements of the policy and/or policies purchased by the Plaintiff's Employer from the Defendant, Sun Life Assurance Company of Canada, a corporation. This request shall include any such manuals, memorandums, or documents that are internal to the Defendant, Sun Life Assurance Company of Canada, a corporation, but which were provided to the Plaintiff and/or the Plaintiff's Employer as a part of the marketing, sale, or explanation of benefits under the terms of the Group Short Term Disability Plan and/or Group Long Term Disability Plan.

(K) Any and all file jackets, folders, daily activity logs, contents of file jackets, contents of folders, and/or daily diary logs of the Defendant, Sun Life Assurance Company of Canada, a corporation, or its employees containing written notes, written entries, electronic information, e-mails, photographs, digital pictures, digital videos, and/or any other information with respect to the Plaintiff and/or the insurance policies or either of the policies purchased from the Defendant, Sun Life Assurance Company of Canada, a corporation, by the Plaintiff, and/or any claim filed on behalf or by the Plaintiff, and/or internal conversations or discussions of the Defendant, Sun Life Assurance Company of Canada, a corporation, or its employees with respect to the Plaintiff, the policy insuring either the short term disability benefits or the long term disability benefits for the Plaintiff, or any claim filed by or on behalf of the Plaintiff.

(L) Any and all internal newsletters or memoranda circulated regularly in the disability claims department of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(M) Any and all external newsletters, insurance industry publications, or memoranda circulated regularly in the claims department of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(N) A complete copy of all medical records, written job descriptions of the job the Plaintiff held with Reynolds, Reynolds and Little, LLC, occupational evaluations, correspondence sent to or received from any healthcare provider, and/or any other medical and/or vocational information relating to the Plaintiff and in the possession of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(O) Any and all letters, e-mails, correspondence, and/or other documents received by the Defendant, Sun Life Assurance Company of Canada, a corporation, from any and all non-examining physicians, vocational experts, rehabilitation experts, and/or any other healthcare experts with respect to the Plaintiff.

(P) Any and all letters, mailgrams, e-mail transmissions, telegrams, and/or other correspondence received by or sent by the Defendant, Sun Life Assurance Company of Canada, a corporation, or any employee of the Defendant, Sun Life Assurance Company of Canada, a corporation, with respect to the Plaintiff to any person, partnership, corporation, and/or other entity, including other employees of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(Q) A complete copy of any and all surveillance videos, digital pictures/images, films, tapes of any type, digital tapes, video tapes, CD Rom images, DVD images, and/or any other photographic images of the Plaintiff regardless of when taken and regardless of by whom taken.

(R) A resume, or "CV", and a copy of the retainer and/or fee schedule for each expert witness which the Defendant, Sun Life Assurance Company of Canada, a corporation, will offer to testify, or from which the Defendant, Sun Life Assurance Company of Canada, a corporation, will offer an opinion, and/or upon which the Defendant, Sun Life Assurance Company of Canada, a corporation, has based any decision with respect to the grant or denial of long term disability benefits to the Plaintiff.

(S) Each and every document, books, treatise, electronic data, statement, interview, and/or other document which the Defendant, Sun Life Assurance Company of Canada, a corporation, used to make any decision with respect to the grant or denial of either and/or both short term disability and long-term disability benefits to the Plaintiff.

(T) Any and all notices of cancellation, certificates of mailing of such notices of cancellation, and postage receipts with respect to such notices of cancellations in reference to the long-term disability insurance policy issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, and under which the Plaintiff is seeking benefits.

(U) Any and all statements of account and/or other accounting records showing the date and the amount of premiums paid to the Defendant, Sun Life Assurance Company of Canada, a corporation, by or on behalf of the Plaintiff and/or the employee benefit plan of the Employer, Reynolds, Reynolds and Little, LLC, , within the preceding forty-eight [48] months as it relates to both the short term and the long term disability insurance policies issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, and under which the Plaintiff is seeking benefits.

(V) Any and all advertising and/or promotional materials with respect to the type of insurance policy under which the Plaintiff is seeking both short term and long-term disability benefits that have been issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, from the effective date of the policy that provides coverage for the Plaintiff or for the past thirty-six months, whichever is longer. This request shall include, but not be limited to, booklets, oral advertising recordings, video advertising recordings, DVDs, internet web site promotional/informational material, direct mail promotional material, and/or any other document, electronic file, newspaper file, mail-out or other material that advertised the type of short term and/or long term disability insurance policies and/or the particular short term and/or long term disability insurance policy sold by the Defendant, Sun Life Assurance Company of Canada, a corporation, and under which the Plaintiff is seeking short term and long term disability benefits.

(W) Any and all letters, mailgrams, e-mail transmissions, telegrams, memorandums of conversations with the Plaintiff's employer, Reynolds, Reynolds and Little, LLC, or any employee of the Plaintiff's employer, and/or other correspondence either sent to and/or received from the Plaintiff's employer, Reynolds, Reynolds and Little, LLC, in the possession of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(X) In the event that the Defendant, Sun Life Assurance Company of Canada, a corporation, has delegated the claims decision making to some entity other than the Defendant, Sun Life Assurance Company of Canada, a corporation, a complete copy any and all contracts between the Defendant, Sun Life Assurance Company of Canada, a corporation, and the entity to whom the claims decision making duties under the policy were delegated.

(Y) A complete copy of the Articles of Incorporation and any Amendments to the Articles of Incorporation of the Defendant Sun Life Assurance Company of Canada certified by the Secretary of the Corporation as being true and correct.

That the above described documents shall be produced at the office of the Attorney for the

Plaintiff located at:  Suite A, 2004 Poole Drive, Huntsville, Alabama 35810 at 9 o'clock a.m. on

the forty-fifth (45th) day following the service of the Summons and Complaint in this matter,

unless such day is a Saturday, Sunday or legal holiday, in which event the documents shall be

produced the next regular business day at 9 o'clock a.m., for the purpose of permitting the Plaintiff,

by and through his attorney, to inspect and copy such documents.

Date:  February __4__, 2019

Kenneth D. Hampton HAM033
Attorney for Plaintiff
Suite A, 2004 Poole Drive
Huntsville, AL  35810
Telephone:  256-859-8900
Fax:  256-859-8853
e-mail: kenhampton@bellsouth.net

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,       )
                                     )
           Plaintiff,       )
                                     )
Vs.                           )   Civil Action: <u>47-CV-2019-900246</u>
                                     )
SUN LIFE ASSURANCE COMPANY OF   )
CANADA, a corporation, and UNION SECURITY )
INSURANCE COMPANY, a corporation,   )
                                     )
          Defendants.    )

### Plaintiff's First Request for Production of Documents, etc., to Defendant Union Security Insurance Company, a corporation,

Comes now the Plaintiff, Holly Naomi Simmons, pursuant to <u>Alabama Rule of Civil Procedure</u> 34, and requests the Defendant, Union Security Insurance Company, a corporation, to respond within forty-five (45) days to the following requests:

### Miscellaneous Instructions:

{a} If any document responsive to these requests for production has been lost, destroyed, or is otherwise not in existence or not capable of production, describe the document, its contents and the reason(s) for the document(s) non-availability.

{b} Plaintiff expressly reserves the right to challenge any claim of privilege, but if in responding to any request for production and/or identifying any document that is responsive to the following requests for production, the Defendant Union Security Insurance Company, a corporation, finds it necessary to claim privilege of any type, redact the language of such document that you claim to be privileged and produce the edited version openly and plainly stating on the document produced to the Plaintiff "Edited".

{c} If any document, thing, picture, video, and/or other item requested by these requests for production of documents shall be created, stored, filed, maintained or otherwise have a digital or electronic format file of any type, the document, thing, picture, video, and/or other item requested shall be produced in its unedited digital and/or electronic format.

<u>Requests For Production:</u>

[1] That the Defendant, Union Security Insurance Company, a corporation, produce and permit the Plaintiff to inspect and to copy each of the following documents, items, or things:

(A) The applications of the Plaintiff for both the short-term and the long-term disability insurance policy and/or employee plan benefit made with the Defendant, Union Security Insurance Company, a corporation, and/or the Plaintiff's Employer, Reynolds, Reynolds and Little, LLC, with respect to both the short-term and the long term disability benefits sought by the Plaintiff pursuant to the terms of the insurance policies and/or employee benefit plan that applies to the Plaintiff.

(B) A certified copy of the Long Term Disability Plan, the insuring insurance policy, declarations page, all amendments to either the Long Term Disability Plan and/or the insuring insurance policy since the original effective date of the original Long Term Disability plan, and all endorsements with respect to the long term disability benefits policy issued by the Defendant, Union Security Insurance Company, a corporation, and which applies to the proof of claim and/or statement of claim filed by or on behalf of the Plaintiff for long term disability benefits. This request for Production in addition to the documents described above shall specifically include, but shall not be limited to:

[1] The Plan documents including any wrap around plan documents in complete form.

[2] All Annual Return/Report of Employee Benefit Plans, Form 5500, including all documents filed with such forms.

[3] All Plan documents that are accessible by "links" or are available on any website maintained by: Union Security Insurance Company, a corporation.

[4] All Statements required to be furnished to the policyholder by Alabama Code § 27-20-2.

(B-2) A certified copy of the Short Term Disability Plan, the insuring insurance policy, declarations page, all amendments to either the Short Term Disability Plan and/or the insuring insurance policy since the original effective date of the original Short Term Disability plan, and all endorsements with respect to the long term disability benefits policy issued by the Defendant, Union Security Insurance Company, a corporation, and which applies to the proof of claim and/or statement of claim filed by or on behalf of the Plaintiff for short term disability benefits. This request for Production in addition to the documents described above shall specifically include, but shall not be limited to:

[1] The Plan documents including any wrap around plan documents in complete form.

[2] All Annual Return/Report of Employee Benefit Plans, Form 5500, including all documents filed with such forms.

[3] All Plan documents that are accessible by "links" or are available on any website maintained by: Union Security Insurance Company, a corporation.

[4] All Statements required to be furnished to the policyholder by Alabama Code § 27-20-2.

(C) A certified copy of the Summary Plan Description with respect to the employee benefits plan that applies to the employees of Reynolds, Reynolds and Little, LLC, with respect to the short term and long term disability benefits for which the policy was issued by the Defendant, Union Security Insurance Company, a corporation, including all amendments to the Summary Plan Description since the original effective date of the short term and long term disability plan and showing the effective date of each such amendment.

(D) Any and all letters, mailgrams, e-mail transmissions, telegrams, memorandums of conversations with the Plaintiff, and/or other correspondence to the Plaintiff in the possession of the Defendant, Union Security Insurance Company, a corporation, regardless of the source from which such document was received and regardless of the source that created the document and to specifically include all such documents created by the Defendant, Union Security Insurance Company, a corporation.

(E) Any and all letters, mailgrams, e-mail transmissions, telegrams, and/or other correspondence received by and/or sent by the Defendant, Union Security Insurance Company, a corporation, from the Plaintiff and/or anyone on behalf of the Plaintiff, to include but not be limited to any healthcare provider and/or person acting as the representative of the Plaintiff.

(F) Any and all manuals, memorandums, internal policy procedures describing or prescribing the claims evaluation process by the Defendant, Union Security Insurance Company, a corporation, with respect to the type of policy and/or policies by which the Plaintiff is seeking benefits.

(G) Any and all internal letters, internal e-mails, fax transmittals, internal memorandums, or any other written communication with respect to the short-term disability policy, the long-term disability policy and/or any claim filed by the Plaintiff with the Defendant, Union Security Insurance Company, a corporation.

(H) Any and all proofs of claim and/or statements of claim filed by the Plaintiff or on behalf of the Plaintiff with the Defendant, Union Security Insurance Company, a corporation, and/or the Plaintiff's Employer, Reynolds, Reynolds and Little, LLC, seeking short term disability benefits and/or long-term disability benefits together with all other documents filed with the proof of claim and/or statement of claim.

(I) Any and all underwriting manuals that discuss, relate to, or provide for the type of policy and/or policies purchased from the Defendant, Union Security Insurance Company, a corporation, and through which the Plaintiff is seeking benefits.

(J) Any and all manuals, memorandums, or other internal statements of the Defendant, Union Security Insurance Company, a corporation, interpreting the policy language and exclusions and interpreting the language of any and all endorsements of the policy and/or policies purchased by the Plaintiff's Employer from the Defendant, Union Security Insurance Company, a corporation. This request shall include any such manuals, memorandums, or documents that are internal to the Defendant, Union Security Insurance Company, a corporation, but which were provided to the Plaintiff and/or the Plaintiff's Employer as a part of the marketing, sale, or explanation of benefits under the terms of the Group Short Term Disability Plan and/or Group Long Term Disability Plan.

(K) Any and all file jackets, folders, daily activity logs, contents of file jackets, contents of folders, and/or daily diary logs of the Defendant, Union Security Insurance Company, a corporation, or its employees containing written notes, written entries, electronic information, e-mails, photographs, digital pictures, digital videos, and/or any other information with respect to the Plaintiff and/or the insurance policies or either of the policies purchased from the Defendant, Union Security Insurance Company, a corporation, by the Plaintiff, and/or any claim filed on behalf or by the Plaintiff, and/or internal conversations or discussions of the Defendant, Union Security Insurance Company, a corporation, or its employees with respect to the Plaintiff, the policy insuring either the short term disability benefits or the long term disability benefits for the Plaintiff, or any claim filed by or on behalf of the Plaintiff.

(L) Any and all internal newsletters or memoranda circulated regularly in the disability claims department of the Defendant, Union Security Insurance Company, a corporation.

(M) Any and all external newsletters, insurance industry publications, or memoranda circulated regularly in the claims department of the Defendant, Union Security Insurance Company, a corporation.

(N) A complete copy of all medical records, written job descriptions of the job the Plaintiff held with Reynolds, Reynolds and Little, LLC, occupational evaluations, correspondence sent to or received from any healthcare provider, and/or any other medical and/or vocational information relating to the Plaintiff and in the possession of the Defendant, Union Security Insurance Company, a corporation.

(O) Any and all letters, e-mails, correspondence, and/or other documents received by the Defendant, Union Security Insurance Company, a corporation, from any and all non-examining physicians, vocational experts, rehabilitation experts, and/or any other healthcare experts with respect to the Plaintiff.

(P) Any and all letters, mailgrams, e-mail transmissions, telegrams, and/or other correspondence received by or sent by the Defendant, Union Security Insurance Company, a corporation, or any employee of the Defendant, Union Security Insurance Company, a corporation, with respect to the Plaintiff to any person, partnership, corporation, and/or other entity, including other employees of the Defendant, Union Security Insurance Company, a corporation.

(Q) A complete copy of any and all surveillance videos, digital pictures/images, films, tapes of any type, digital tapes, video tapes, CD Rom images, DVD images, and/or any other photographic images of the Plaintiff regardless of when taken and regardless of by whom taken.

(R) A resume, or "CV", and a copy of the retainer and/or fee schedule for each expert witness which the Defendant, Union Security Insurance Company, a corporation, will offer to testify, or from which the Defendant, Union Security Insurance Company, a corporation, will offer an opinion, and/or upon which the Defendant, Union Security Insurance Company, a corporation, has based any decision with respect to the grant or denial of long term disability benefits to the Plaintiff.

(S) Each and every document, books, treatise, electronic data, statement, interview, and/or other document which the Defendant, Union Security Insurance Company, a corporation, used to make any decision with respect to the grant or denial of either and/or both short term disability and long-term disability benefits to the Plaintiff.

(T) Any and all notices of cancellation, certificates of mailing of such notices of cancellation, and postage receipts with respect to such notices of cancellations in

reference to the long-term disability insurance policy issued by the Defendant, Union Security Insurance Company, a corporation, and under which the Plaintiff is seeking benefits.

(U) Any and all statements of account and/or other accounting records showing the date and the amount of premiums paid to the Defendant, Union Security Insurance Company, a corporation, by or on behalf of the Plaintiff and/or the employee benefit plan of the Employer, Reynolds, Reynolds and Little, LLC, , within the preceding forty-eight [48] months as it relates to both the short term and the long term disability insurance policies issued by the Defendant, Union Security Insurance Company, a corporation, and under which the Plaintiff is seeking benefits.

(V) Any and all advertising and/or promotional materials with respect to the type of insurance policy under which the Plaintiff is seeking both short term and long-term disability benefits that have been issued by the Defendant, Union Security Insurance Company, a corporation, from the effective date of the policy that provides coverage for the Plaintiff or for the past thirty-six months, whichever is longer. This request shall include, but not be limited to, booklets, oral advertising recordings, video advertising recordings, DVDs, internet web site promotional/informational material, direct mail promotional material, and/or any other document, electronic file, newspaper file, mail-out or other material that advertised the type of short term and/or long term disability insurance policies and/or the particular short term and/or long term disability insurance policy sold by the Defendant, Union Security Insurance Company, a corporation, and under which the Plaintiff is seeking short term and long term disability benefits.

(W) Any and all letters, mailgrams, e-mail transmissions, telegrams, memorandums of conversations with the Plaintiff's employer, Reynolds, Reynolds and Little, LLC, or any employee of the Plaintiff's employer, and/or other correspondence either sent to and/or received from the Plaintiff's employer, Reynolds, Reynolds and Little, LLC, in the possession of the Defendant, Union Security Insurance Company, a corporation.

(X) In the event that the Defendant, Union Security Insurance Company, a corporation, has delegated the claims decision making to some entity other than the Defendant, Union Security Insurance Company, a corporation, a complete copy any and all contracts between the Defendant, Union Security Insurance Company, a corporation, and the entity to whom the claims decision making duties under the policy were delegated.

(Y) A complete copy of the Articles of Incorporation and any Amendments to the Articles of Incorporation of the Defendant Union Security Insurance Company certified by the Secretary of the Corporation as being true and correct.

(Z) A complete and current copy of the Shareholder Ledger or similar document showing the shareholders of the Defendant Union Security Insurance Company certified by the Secretary of the Corporation as being true and correct.

That the above described documents shall be produced at the office of the Attorney for the Plaintiff located at:  Suite A, 2004 Poole Drive, Huntsville, Alabama 35810 at 9 o'clock a.m. on the forty-fifth (45th) day following the service of the Summons and Complaint in this matter, unless such day is a Saturday, Sunday or legal holiday, in which event the documents shall be produced the next regular business day at 9 o'clock a.m., for the purpose of permitting the Plaintiff, by and through his attorney, to inspect and copy such documents.

Date: February 4 , 2019

Kenneth D. Hampton HAM033
Attorney for Plaintiff
Suite A, 2004 Poole Drive
Huntsville, AL  35810
Telephone:  256-859-8900
Fax:  256-859-8853
e-mail: kenhampton@bellsouth.net


0825O0005032464

$8.500
US POSTAGE
FIRST-CLASS
FROM 35810
FEB 05 2019
stamps
endicia

7012 1640 0000 9559 2650

Union Security Insurance Company
Registered Agent: Corporation Service Co
2900 SW Wanamaker Drive Suite 204
Topeka KS 66614-4188

KENNETH D. HAMPTON
ATTORNEY AT LAW
SUITE A, 2004 POOLE DRIVE
HUNTSVILLE, ALABAMA 35810



AlaFile E-Notice



Received

FEB 2 6 2019

Law Department

47-CV-2019-900246.00

To:  SUN LIFE ASSURANCE COMPANY OF CANADA
     C/O PRESIDENT, ONE SUN
     LIFE EXECUTIVE PARK
     WELLESLEY HILLS, MA, 02481

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL
47-CV-2019-900246.00

The following alias summons was FILED on 2/22/2019 8:34:41 AM

Notice Date:      2/22/2019 8:34:41 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2019-900246.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL

NOTICE TO: SUN LIFE ASSURANCE COMPANY OF CANADA, C/O PRESIDENT, ONE SUN LIFE EXECUTIVE PARK, WELLESLEY HILLS, MA 02481
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
KENNETH D HAMPTON
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: SUITE A, 2004 POOLE DRIVE, HUNTSVILLE, AL 35810
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SIMMONS HOLLY NAOMI
pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 2/22/2019 8:34:41 AM | /s/ DEBRA KIZER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ KENNETH D HAMPTON
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.
*(Date)*

| _____ | _____ | _____ |
| --- | --- | --- |
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

DOCUMENT 19



ELECTRONICALLY FILED
2/22/2019 8:34 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　　　　)
Vs.　　　　　　　　　　　　　　　　　) Civil Action:
　　　　　　　　　　　　　　　　　　　)
SUN LIFE ASSURANCE COMPANY OF　　 )
CANADA, a corporation, and UNION　　　 )
SECURITY INSURANCE COMPANY, a　　　)
corporation,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendants.　　)

### COMPLAINT

### Count One
[Breach of Group Short-Term Disability Policy]

1. The Plaintiff is Holly Naomi Simmons and she is over the age of nineteen and of

sound mind. The Plaintiff is a resident of Huntsville, Madison County, Alabama.

2. The Defendant Sun Life Assurance Company of Canada is a corporation

incorporated in Montreal, Canada but registered with the Secretary of State of

Alabama. The Defendant Sun Life Assurance Company of Canada does business in

Huntsville, Madison County, Alabama by selling, issuing and administering

insurance policies in Huntsville, Madison County, Alabama.

3. The Defendant Union Security Insurance Company is an insurance company

authorized by the Commissioner of Insurance of the State of Alabama to sell and

issue Group Disability Insurance policies in the State of Alabama including Huntsville, Madison County, Alabama. The Defendant Union Security Insurance Company is a corporation.

4. The Defendant Sun Life Assurance Company of Canada also does business as Sun Life Financial, Inc and/or Sun Life Financial and has at times administered the policy of short-term insurance that is at issue in this matter under the name of Sun Life Financial, Inc and the name Sun Life Financial.

5. Sun Life Assurance Company of Canada also does business in the State of Alabama under the name of Union Security Life Insurance Company.

6. The Plaintiff was employed by Reynolds, Reynolds, and Little, LLC, the successor to Reynolds, Reynolds, and Duncan, LLC, in Huntsville, Madison County, Alabama as a Real Estate Mortgage Loan Closer employee for the loan closings performed by Reynolds, Reynolds, and Little, LLC in Madison County, Alabama.

7. Reynolds, Reynolds, and Little, LLC purchased from the Defendants a Group Short-Term Disability Insurance Policy for their employees and Reynolds, Reynolds, and Little, LLC is the policyholder of the Group Short-Term Disability Insurance Policy with an effective date of September 15, 2008. Reynolds, Reynolds, and Little, LLC paid the premiums for the policy of insurance but did not administer the claims filed under the policy of insurance and did not perform the functions of a Plan Administrator.

DOCUMENT 19

8. This Group Short-Term Disability Insurance policy specifically provides that it is a policy of insurance being sold in Alabama and subject to the laws of the State of Alabama.

9. The policy of insurance is to pay sixty percent (60%) of the gross weekly pay of an employee that is provided coverage by the Group Short-Term Disability Insurance policy issued to Reynolds, Reynolds, and Little LLC.

10. The claims filed under the Group Short-Term Disability Insurance policy were determined by the Defendants and not by the policyholder/Employer, Reynolds, Reynolds, and Little, LLC. The policy of insurance provides that the terms "We, Us and Our means Union Security Insurance Company". The Group Short-Term Disability Insurance policy also provides "Authority: The policyholder delegates to us and agrees that we have the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the policy." The Defendants are therefore the Plan Administrator and the Claims Administrator for the Group Short-Term Disability Insurance policy.

11. This Court has jurisdiction of this policy of insurance issued to Reynold, Reynolds, and Little, LLC as the policyholder to provide short term disability benefits to its employees pursuant to 29 U.S.C. § 1132(e).

12. Venue is proper in Madison County, Alabama as the Plaintiff is a resident of Huntsville, Madison County, Alabama and her employment with Reynolds, Reynolds, and Little LLC was in Huntsville, Madison County, Alabama.

13. The Plaintiff last worked on February 15, 2016 and filed a claim with the Defendants for short term disability benefits.

14. The Defendants paid the Plaintiff short term disability benefits under the terms of the Group Short-Term Disability insurance policy from February 22, 2016 to April 14, 2016 but did not issue a decision regarding the denial of benefits are April 14, 2016 until January 8, 2018.

15. The Plaintiff appealed the decision of the Defendants to deny short term disability benefits to the Plaintiff and that appeal was received by the Defendants on June 25, 2018.

16. The Defendants issued a decision on September 10, 2018 denying to the Plaintiff short-term disability benefits under the terms of the Group Short-Term Disability insurance policy. This decision did not permit any further appeals administratively with the Defendants and the Plaintiff has exhausted her appeals before the Defendants.

17. The Group Short-Term Disability insurance policy is an own occupational policy that provides that benefits are to be paid if a disabled employee of Reynolds, Reynolds and Little LLC has "An Injury, sickness, or pregnancy requires you to be

-4-

under the regular care or attendance of a doctor and prevents you from performing at least one of the material duties of your regular occupation."

18. The Plaintiff suffers from multiple medical conditions that prevent her from being able to perform the material duties of her occupation as a Real Estate Loan Closer. The Plaintiff among other medical conditions suffers from uncontrolled diabetes, Fibromyalgia with severe pain, hypercalcemia and parathyroid adenoma with increased fatigue, muscle pain, and heart palpations, multilevel degenerative changes with arthropathy of the knees, ankles, and shoulder, degenerative changes of the spine, seizure like activity, generalized seizure disorder, confusion, lupus with impaired cognitive skills, memory difficulty, photo sensitivity, joint pain and joint swelling, fatigue, muscle weakness, arthritis and Bechet's Disease resulting in partial loss of vision in the right eye. The Plaintiff must use a cane to walk or stand. The Plaintiff's medical conditions have also led to morbid obesity and swelling that requires leg elevation.

19. These conditions would prevent the Plaintiff from performing multiple requirements of her occupation by causing her to be unable to attend work, function in a manner that would allow for the accurate preparation of documents, sit in a position that would permit her to use office equipment, walk as required to transport documents in the office for signatures and/or review and concentrate and focus long

enough to perform her job in an adequate manner as well as other limitations that would be caused by her seizures and other medical conditions.

20. The Plaintiff has been under the regular care of multiple physicians and as a part of her appeal the Plaintiff submitted medical records from Kenneth Moultrie, OD, Endocrinology and Diabetes Associates, Rheumatology Associates of North Alabama, Huntsville Cardiovascular Clinic, Ear Nose Throat Neck Surgery of Huntsville, Kara Wallace, MD, Huntsville Hospital, The Orthopaedic Center, David A. McLain, M.D., Crestwood Medical Center, Huntsville Hospital Neurological Associates, and Tennessee Valley Pain Consultants to establish not only the medical conditions from which she suffers but the ongoing regular medical care from a doctor.

21. The Plaintiff also submitted vocational evidence that given her medical conditions and treatment and the medical opinions of her treating physicians that the Plaintiff could not only not perform her own occupation as a Real Estate Closer but that she could not perform any work with her medical conditions and limitations.

22. The Defendants did deny the Plaintiff benefits by the decision of September 10, 2018 and the September 10, 23018 denial of benefits by the Defendants constitutes a breach of the terms of the Group Short-Term Disability Insurance policy.

23. The Plaintiff was paid the sum of Nine Hundred and Sixty Dollars ($960.00) per week for her employment with Reynolds, Reynolds, and Little, LLC. Under the

terms of the insurance policy, the short-term disability benefits that should have been paid to the Plaintiff would have been sixty percent (60%) of this amount or Five Hundred Seventy-Six Dollars ($576.00) per week. The benefits are not paid for the first seven (7) days. After the first seven days, the short-term disability benefits are to be paid for a period of twelve (12) weeks.

24. The Defendants in this matter paid short term disability benefits to the Plaintiff for a period of seven weeks and three days from February 22, 2016 to April 14, 2016. The decision of the Defendants to refuse to pay the remaining weeks of short-term disability benefits to the Plaintiff was arbitrary and capricious and based on the financial interest of the Defendants and not upon the medical and vocational facts with respect to the Plaintiff.

25. As a proximate consequence of the breach of the short-term disability insurance policy and the arbitrary and capricious manner of that breach, the Plaintiff has been caused to suffer the loss of short term disability benefits for the remaining four weeks and two days of the benefit period under the terms of the short term disability policy and the bad faith refusal to consider an award of benefits under the long term disability insurance policy issued by the same Defendants.

26. The Plaintiff has met all the conditions precedent under the terms of the Group Short Term Disability insurance policy issued by the Defendants and has exhausted all administrative remedies that are available under the terms of the Group Short

DOCUMENT 19

Term Disability insurance policy and any further attempts at an administrative remedy would be futile and inadequate and there are no further administrative appeals provided by the terms of the Group Short Term Disability insurance policy issued by the Defendants for the employees of Reynolds, Reynolds, and Little, LLC.

Wherefore, the Plaintiff demands a judgment against the Defendants for all benefits that she is entitled to receive under the terms of the Group Short-Term Disability insurance policy that insures benefits for the participants and employees of Reynolds, Reynolds, and Little, LLC, whether such benefits are deemed actual and/or compensatory damages or employee welfare disability benefits, and attorney fees, costs, and such other, further, and different relief as the Court deems just, proper, and equitable.

## Count Two
### [Breach of Group Long-Term Disability Policy]

1. The Plaintiff is Holly Naomi Simmons and she is over the age of nineteen and of sound mind. The Plaintiff is a resident of Huntsville, Madison County, Alabama.

2. The Defendant Sun Life Assurance Company of Canada is a corporation incorporated in Montreal, Canada but registered with the Secretary of State of Alabama. The Defendant Sun Life Assurance Company of Canada does business in Huntsville, Madison County, Alabama by selling, issuing and administering insurance policies in Huntsville, Madison County, Alabama.

3. The Defendant Union Security Insurance Company is an insurance company authorized by the Commissioner of Insurance of the State of Alabama to sell and issue Group Disability Insurance policies in the State of Alabama including Huntsville, Madison County, Alabama. The Defendant Union Security Insurance Company is a corporation.

4. The Defendant Sun Life Assurance Company of Canada also does business as Sun Life Financial, Inc and/or Sun Life Financial and has at times administered the policy of Long-term insurance that is at issue in this matter under the name of Sun Life Financial, Inc and the name Sun Life Financial.

5. Sun Life Assurance Company of Canada also does business in the State of Alabama under the name of Union Security Life Insurance Company.

6. The Plaintiff was employed by Reynolds, Reynolds, and Little, LLC, the successor to Reynolds, Reynolds, and Duncan, LLC, in Huntsville, Madison County, Alabama as a Real Estate Mortgage Loan Closer employee for the loan closings performed by Reynolds, Reynolds, and Little, LLC in Madison County, Alabama.

7. Reynolds, Reynolds, and Little, LLC purchased from the Defendants a Group Long-Term Disability Insurance Policy for their employees and Reynolds, Reynolds, and Little, LLC is the policyholder of the Group Long-Term Disability Insurance Policy with an effective date of September 15, 2008. Reynolds, Reynolds, and Little, LLC paid the premiums for the policy of insurance but did not administer

the claims filed under the policy of insurance and did not perform the functions of a Plan Administrator.

8. This Group Long-Term Disability Insurance policy specifically provides that it is a policy of insurance being sold in Alabama and subject to the laws of the State of Alabama.

9. The policy of insurance is to pay sixty percent (60%) of the gross weekly pay of an employee that is provided coverage by the Group Long-Term Disability Insurance policy issued to Reynolds, Reynolds, and Little LLC. In addition, the policy of insurance provides that it will pay an additional twenty percent (20%) in benefits for an inability to perform at least two activities of daily living within a thirty-day period. Activities of Daily Living is defined to include bathing, dressing, and toileting.

10. The claims filed under the Group Long-Term Disability Insurance policy were determined by the Defendants and not by the policyholder/Employer, Reynolds, Reynolds, and Little, LLC. The policy of insurance provides the terms "We, Us and Our means Union Security Insurance Company". The Group Long-Term Disability Insurance policy also provides "Authority: The policyholder delegates to us and agrees that we have the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the policy." The Defendants are

therefore the Plan Administrator and the Claims Administrator for the Group Long-Term Disability Insurance policy.

11. This Court has jurisdiction of this policy of insurance issued to Reynold, Reynolds, and Little, LLC as the policyholder to provide Long term disability benefits to its employees pursuant to 29 U.S.C. § 1132(e).

12. Venue is proper in Madison County, Alabama as the Plaintiff is a resident of Huntsville, Madison County, Alabama and her employment was in Huntsville, Madison County, Alabama.

13. The Plaintiff last worked on February 15, 2016 and a claim was filed with the Defendants for Long term disability benefits while the application for Group Short Term Disability benefits was still pending before the Defendants.

14. The Defendants have not paid the Plaintiff Long term disability benefits under the terms of the Group Long-Term Disability insurance policy but did issue a denial decision regarding those benefits on January 11, 2018.

15. The Plaintiff appealed the decision of the Defendants to deny Long term disability benefits to the Plaintiff and that appeal was received by the Defendants on June 25, 2018.

16. The Defendants issued a decision on September 10, 2018 denying to the Plaintiff Long-term disability benefits under the terms of the Group Long-term disability insurance policy. This decision did not permit any further appeals administratively

DOCUMENT 19

with the Defendants and the Plaintiff has exhausted her appeals before the Defendants.

17. The Group Long-Term Disability insurance policy provides that disability for the first twenty-four months that benefits are to be paid if a disabled employee of Reynolds, Reynolds and Little LLC has "An Injury, sickness, or pregnancy requires you to be under the regular care or attendance of a doctor and prevents you from performing at least one of the material duties of your regular occupation."

18. The Group Long-term disability insurance policy provides that disability benefits after the first twenty-four months are to be paid if a disabled employee of Reynolds, Reynolds and Little LLC has "An Injury, sickness, or pregnancy prevents you from performing at least one of the material duties of each gainful occupation for which your education, training and experience qualifies you."

19. The Plaintiff suffers from multiple medical conditions that prevent her from being able to perform the material duties of her occupation as a Real Estate Loan Closer and/or the material duties of any other occupation for which she has education, training or experience. The Plaintiff among other medical conditions suffers from uncontrolled diabetes, Fibromyalgia with severe pain, hypercalcemia and parathyroid adenoma with increased fatigue, muscle pain, and heart palpations, multilevel degenerative changes with arthropathy of the knees, ankles, and shoulder, degenerative changes of the spine, seizure like activity, generalized seizure disorder,

-----------------------
-12-

confusion, lupus with impaired cognitive skills, memory difficulty, photo sensitivity, joint pain and joint swelling, fatigue, muscle weakness, arthritis and Bechet's Disease resulting in partial loss of vision in the right eye. The Plaintiff must use a cane to walk or stand. The Plaintiff's medical conditions have also led to morbid obesity and swelling that requires leg elevation.

20. These conditions would prevent the Plaintiff from performing multiple requirements of her occupation and/or any other occupation by causing her to be unable to attend work, function in a manner that would allow for the accurate preparation of documents, sit in a position that would permit her to use office equipment, walk as required to transport documents in the office for signatures and/or review and concentrate and focus long enough to perform her job in an adequate manner as well as other limitations that would be caused by her seizures and other medical conditions.

21. The Plaintiff has been under the regular care of multiple physicians and as a part of her appeal the Plaintiff submitted medical records from Kenneth Moultrie, OD, Endocrinology and Diabetes Associates, Rheumatology Associates of North Alabama, Huntsville Cardiovascular Clinic, Ear Nose Throat Neck Surgery of Huntsville, Kara Wallace, MD, Huntsville Hospital, The Orthopaedic Center, David A. McLain, M.D., Crestwood Medical Center, Huntsville Hospital Neurological Associates, and Tennessee Valley Pain Consultants to establish not only the medical

conditions from which she suffers but the ongoing regular medical care from a doctor.

22. The Plaintiff also submitted vocational evidence that given her medical conditions and treatment and the medical opinions of her treating physicians that the Plaintiff could not only not perform her own occupation as a Real Estate Closer but that she could not perform any work with her medical conditions and limitations.

23. The Defendants did deny the Plaintiff benefits by the decision of September 10, 2018 and the September 10, 23018 denial of benefits by the Defendants constitutes a breach of the terms of the Group Long-Term Disability Insurance policy.

24. The Plaintiff was paid the sum of Nine Hundred and Sixty Dollars ($960.00) per week for her employment with Reynolds, Reynolds, and Little, LLC. Under the terms of the Group Long-Term Disability insurance policy, the long-term disability benefits that should have been paid to the Plaintiff would have been sixty percent (60%) of this amount or Five Hundred Seventy-Six Dollars ($576.00) per week beginning ninety days after the last date of employment which would have been May 16, 2016 or beginning with the last date of payment of group short-term disability benefits.

25. In addition, there have been and continue to be periods of thirty days where the Plaintiff's medical conditions would not allow her to perform activities of daily living as defined by the Group Long-Term Disability policy. During those periods,

the twenty percent (20%) of the Plaintiff's pay from Reynolds, Reynolds, and Little LLC would be One Hundred Ninety-Two ($192.00) dollars per week.

26. The decision of the Defendants to refuse to pay both the long-term disability benefits and the benefits for those months that the Plaintiff could not perform the activities of daily living was arbitrary and capricious and based on the financial interest of the Defendants and not upon the medical and vocational facts with respect to the Plaintiff.

27. As a proximate consequence of the breach of the Group Long-Term Disability insurance policy and the arbitrary and capricious manner of that breach, the Plaintiff has been caused to suffer the loss of Long term disability benefits at the rate of Five Hundred Seventy-Six Dollars [$576.00] per week from May 16, 2016 through the present date and continuing after this date as the Plaintiff continues to meet the test for disability benefits under the terms of the Group Long-Term Disability insurance policy and  the benefits for the inability to perform activities of daily living at the rate of One Hundred Ninety Two [$192.00] per week for those periods of thirty days when the Plaintiff was unable to perform activities of daily living and for those periods of thirty days when the Plaintiff continues to be unable to perform the activities of daily living as defined by the Group Long Term disability insurance policy.

DOCUMENT 19

28. The Plaintiff has met all the conditions precedent under the terms of the Group Long Term Disability insurance policy issued by the Defendants and has exhausted all administrative remedies that are available under the terms of the Group Long Term Disability insurance policy and any further attempts at an administrative remedy would be futile and inadequate and there are no further administrative appeals provided by the terms of the Group Long Term Disability insurance policy issued by the Defendants for the employees of Reynolds, Reynolds, and Little, LLC.

Wherefore, the Plaintiff demands a judgment against the Defendants for all benefits that she is entitled to receive under the terms of the Group Long-Term Disability insurance policy that insures benefits for the participants and employees of Reynolds, Reynolds, and Little, LLC, whether such benefits are deemed actual and/or compensatory damages or employee welfare disability benefits, and attorney fees, costs, and such other, further, and different relief as the Court deems just, proper, and equitable.

Date: February __4__, 2019

_Kenneth D. Hampton_
Kenneth D. Hampton
Attorney for the Plaintiff
Attorney ID: HAM033
Suite A, 2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-mail: kenhampton@bellsouth.net

-16-

Serve Defendants by Attorney Initiated Certified Mail:


[1]
Sun Life Assurance Company of Canada
c/o Registered Agent: Morris Feinberg
PO Box 1104
Montgomery, AL 36102

[2]
Union Security Life Insurance Company
Registered Agent: Corporation Service Company
2900 SW Wanamaker Drive
Suite 204
Topeka, KS 66614

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2019-900246.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL

**NOTICE TO:** SUN LIFE ASSURANCE COMPANY OF CANADA, C/O PRESIDENT, ONE SUN LIFE EXECUTIVE PARK, WELLESLEY HILLS, MA 02481

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH D HAMPTON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: SUITE A, 2004 POOLE DRIVE, HUNTSVILLE, AL 35810

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SIMMONS HOLLY NAOMI pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 2/22/2019 8:34:41 AM | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ KENNETH D HAMPTON

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)* *(Name of County)*

Alabama on _____.

*(Date)*

| _____ | _____ | *(Address of Server)* |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | |

_____ _____

*(Server's Printed Name)* *(Phone Number of Server)*

### 47-CV-2019-900246.00
HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL

| C001 - SIMMONS HOLLY NAOMI | v. | D001 - SUN LIFE ASSURANCE COMPANY OF CANADA |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



# SERVICE RETURN COPY



AlaFile E-Notice

47-CV-2019-900246.00

To:  SUN LIFE ASSURANCE COMPANY OF CANADA (PRO SE)
     C/O PRESIDENT, ONE SUN
     LIFE EXECUTIVE PARK
     WELLESLEY HILL, MA, 02481-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL
47-CV-2019-900246.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 2/22/2019 9:15:49 AM

Notice Date:      2/22/2019 9:15:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390


ELECTRONICALLY FILED
2/22/2019 9:15 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,               )
                                   )
                Plaintiff,         )
                                   )
Vs.                                )   Civil Action: **47-CV-2019-900246**
                                   )
SUN LIFE ASSURANCE COMPANY OF      )
CANADA, a corporation, and UNION SECURITY )
INSURANCE COMPANY, a corporation,  )
                                   )
                Defendants.        )

### Affidavit of Certified Mailing of Process and Complaint (Second)

Comes now the attorney for the Plaintiff pursuant to <u>Alabama Rule of Civil Procedure</u>

4(i)(2)(B)(ii) and after first being given an affirmation to speak the truth does depose and state:

I, Kenneth D. Hampton, did on February 22nd, 2019 initiate certified mail service by

placing a filed copy of the Summons and Complaint, issued by the Clerk of the below designated

Court on February 22nd, 2019, together with Plaintiff's Request for Production to each Defendant

in the United States mail, certified mail with return receipt, copies of the return receipts being

attached hereto, and with postage prepaid to the following persons, corporations, governmental

entities, or other entities:

| Entity Served | Certified Mail Number |
|---|---|
| [1]<br>Sun Life Assurance Company of Canada<br>c/o President<br>One Sun Life Executive Park<br>Wellesley Hills, MA 02481 | 7011 2970 0000 4991 4114 |

I have further caused the originals of the return receipts to be returned to the Circuit Court

Clerk of Madison County, Alabama whose address is: Circuit Court Clerk, Civil, Madison County

Courthouse, 100 North Side Square, Huntsville, Alabama, 35801-4280 with the return receipts

showing the following case number: 47-CV-2019-900246. I have personal knowledge of the

facts stated in this affidavit and they are true and correct.

Date: February 22 , 2019

_Kenneth D. Hampton_
Kenneth D. Hampton, [HAM033]
Attorney For Plaintiff
Suite A
2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-Mail:kenhampton@bellsouth.net

State of Alabama)
County of Madison)

### Notary Public

Before me personally appeared the above and foregoing Kenneth D. Hampton, Attorney, and after first making himself known to me, after first being given an affirmation to speak the truth, he did in my presence, attest and affirm the above and foregoing Affidavit of Certified Mailing of Process and Complaint on this the 22 day of February, 2019.

_Carolyn Hampton_
Notary Public, State at Large

My Commission Expires on: April 6 , 2019

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SUN LIFE ASSURANCE COMPANY OF
CANADA C/O PRESIDENT, ONE SUN
LIFE EXECUTIVE PARK
WELLESLEY HILLS, MA 02481

9590 9402 4221 8121 3859 04

2. Article Number *(Transfer from service label)*

7011 2970 0000 4991 4114

PS Form 3811, July 2015 PSN 7530-02-000-9053

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X                                              ☐ Agent
                                               ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



AlaFile E-Notice

47-CV-2019-900246.00

To: SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, (PRO S
MORRIS FEINBERG, AGENT
PO BOX 1104
MONTGOMERY, AL, 36102-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA, A CORP, E
47-CV-2019-900246.00

The following discovery was FILED on 2/4/2019 7:00:26 PM

Notice Date:     2/4/2019 7:00:26 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

DOCUMENT 8

ELECTRONICALLY FILED
2/4/2019 7:00 PM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| HOLLY NAOMI SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Civil Action: <u>47-CV-2019-900246</u> |
| | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA, a corporation, and UNION SECURITY | ) |
| INSURANCE COMPANY, a corporation, | ) |
| | ) |
| Defendants. | ) |

### Plaintiff's First Notice Identifying Discovery Materials

Pursuant to the Standing Order of this Court as it pertains to discovery materials and <u>Alabama Rule of Civil Procedure</u> 5(d), please take notice that the following itemized discovery documents have been filed in this action and the originals of such documents are being retained by the Plaintiff's attorney as Custodian and that such itemized discovery documents are or will be served pursuant to <u>Alabama Rule of Civil Procedure</u> 4 with the Summons and Complaint in this matter:

[1] Plaintiff's First Request for Production of Documents to Sun Life Assurance Company of Canada, a corporation.

[2] Plaintiff's First Request for Production of Documents to Union Security Insurance Company, a corporation.

Date: February __4__, 2019

_Kenneth O. Hampt_
Kenneth D. Hampton
Attorney for the Plaintiff
Attorney ID: HAM033
Suite A, 2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-mail: kenhampton@bellsouth.net

1

IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,                )
                                    )
                    Plaintiff,      )
                                    )
Vs.                                 )   Civil Action: <u>47-CV-2019-900246</u>
                                    )
SUN LIFE ASSURANCE COMPANY OF       )
CANADA, a corporation, and UNION SECURITY )
INSURANCE COMPANY, a corporation,   )
                                    )
                    Defendants.     )

### <u>Plaintiff's First Request for Production of Documents, etc., to Defendant Union Security Insurance Company, a corporation.</u>

Comes now the Plaintiff, Holly Naomi Simmons, pursuant to <u>Alabama Rule of Civil Procedure</u> 34, and requests the Defendant, Union Security Insurance Company, a corporation, to respond within forty-five (45) days to the following requests:

<u>Miscellaneous Instructions:</u>

{a} If any document responsive to these requests for production has been lost, destroyed, or is otherwise not in existence or not capable of production, describe the document, its contents and the reason(s) for the document(s) non-availability.

{b} Plaintiff expressly reserves the right to challenge any claim of privilege, but if in responding to any request for production and/or identifying any document that is responsive to the following requests for production, the Defendant Union Security Insurance Company, a corporation, finds it necessary to claim privilege of any type, redact the language of such document that you claim to be privileged and produce the edited version openly and plainly stating on the document produced to the Plaintiff "Edited".

{c} If any document, thing, picture, video, and/or other item requested by these requests for production of documents shall be created, stored, filed, maintained or otherwise have a digital or electronic format file of any type, the document, thing, picture, video, and/or other item requested shall be produced in its unedited digital and/or electronic format.

Requests For Production:

[1] That the Defendant, Union Security Insurance Company, a corporation, produce and permit the Plaintiff to inspect and to copy each of the following documents, items, or things:

(A) The applications of the Plaintiff for both the short-term and the long-term disability insurance policy and/or employee plan benefit made with the Defendant, Union Security Insurance Company, a corporation, and/or the Plaintiff's Employer, Reynolds, Reynolds and Little, LLC, with respect to both the short-term and the long term disability benefits sought by the Plaintiff pursuant to the terms of the insurance policies and/or employee benefit plan that applies to the Plaintiff.

(B) A certified copy of the Long Term Disability Plan, the insuring insurance policy, declarations page, all amendments to either the Long Term Disability Plan and/or the insuring insurance policy since the original effective date of the original Long Term Disability plan, and all endorsements with respect to the long term disability benefits policy issued by the Defendant, Union Security Insurance Company, a corporation, and which applies to the proof of claim and/or statement of claim filed by or on behalf of the Plaintiff for long term disability benefits. This request for Production in addition to the documents described above shall specifically include, but shall not be limited to:

[1] The Plan documents including any wrap around plan documents in complete form.

[2] All Annual Return/Report of Employee Benefit Plans, Form 5500, including all documents filed with such forms.

[3] All Plan documents that are accessible by "links" or are available on any website maintained by: Union Security Insurance Company, a corporation.

[4] All Statements required to be furnished to the policyholder by Alabama Code § 27-20-2.

(B-2) A certified copy of the Short Term Disability Plan, the insuring insurance policy, declarations page, all amendments to either the Short Term Disability Plan and/or the insuring insurance policy since the original effective date of the original Short Term Disability plan, and all endorsements with respect to the long term disability benefits policy issued by the Defendant, Union Security Insurance Company, a corporation, and which applies to the proof of claim and/or statement of claim filed by or on behalf of the Plaintiff for short term disability benefits. This request for Production in addition to the documents described above shall specifically include, but shall not be limited to:

    [1] The Plan documents including any wrap around plan documents in complete form.

    [2] All Annual Return/Report of Employee Benefit Plans, Form 5500, including all documents filed with such forms.

    [3] All Plan documents that are accessible by "links" or are available on any website maintained by: Union Security Insurance Company, a corporation.

    [4] All Statements required to be furnished to the policyholder by Alabama Code § 27-20-2.

(C) A certified copy of the Summary Plan Description with respect to the employee benefits plan that applies to the employees of Reynolds, Reynolds and Little, LLC, with respect to the short term and long term disability benefits for which the policy was issued by the Defendant, Union Security Insurance Company, a corporation, including all amendments to the Summary Plan Description since the original effective date of the short term and long term disability plan and showing the effective date of each such amendment.

(D) Any and all letters, mailgrams, e-mail transmissions, telegrams, memorandums of conversations with the Plaintiff, and/or other correspondence to the Plaintiff in the possession of the Defendant, Union Security Insurance Company, a corporation, regardless of the source from which such document was received and regardless of the source that created the document and to specifically include all such documents created by the Defendant, Union Security Insurance Company, a corporation.

(E) Any and all letters, mailgrams, e-mail transmissions, telegrams, and/or other correspondence received by and/or sent by the Defendant, Union Security Insurance Company, a corporation, from the Plaintiff and/or anyone on behalf of the Plaintiff, to include but not be limited to any healthcare provider and/or person acting as the representative of the Plaintiff.

(F) Any and all manuals, memorandums, internal policy procedures describing or prescribing the claims evaluation process by the Defendant, Union Security Insurance Company, a corporation, with respect to the type of policy and/or policies by which the Plaintiff is seeking benefits.

(G) Any and all internal letters, internal e-mails, fax transmittals, internal memorandums, or any other written communication with respect to the short-term disability policy, the long-term disability policy and/or any claim filed by the Plaintiff with the Defendant, Union Security Insurance Company, a corporation.

(H) Any and all proofs of claim and/or statements of claim filed by the Plaintiff or on behalf of the Plaintiff with the Defendant, Union Security Insurance Company, a corporation, and/or the Plaintiff's Employer, Reynolds, Reynolds and Little, LLC, seeking short term disability benefits and/or long-term disability benefits together with all other documents filed with the proof of claim and/or statement of claim.

(I) Any and all underwriting manuals that discuss, relate to, or provide for the type of policy and/or policies purchased from the Defendant, Union Security Insurance Company, a corporation, and through which the Plaintiff is seeking benefits.

(J) Any and all manuals, memorandums, or other internal statements of the Defendant, Union Security Insurance Company, a corporation, interpreting the policy language and exclusions and interpreting the language of any and all endorsements of the policy and/or policies purchased by the Plaintiff's Employer from the Defendant, Union Security Insurance Company, a corporation. This request shall include any such manuals, memorandums, or documents that are internal to the Defendant, Union Security Insurance Company, a corporation, but which were provided to the Plaintiff and/or the Plaintiff's Employer as a part of the marketing, sale, or explanation of benefits under the terms of the Group Short Term Disability Plan and/or Group Long Term Disability Plan.

(K) Any and all file jackets, folders, daily activity logs, contents of file jackets, contents of folders, and/or daily diary logs of the Defendant, Union Security Insurance Company, a corporation, or its employees containing written notes, written entries, electronic information, e-mails, photographs, digital pictures, digital videos, and/or any other information with respect to the Plaintiff and/or the insurance policies or either of the policies purchased from the Defendant, Union Security Insurance Company, a corporation, by the Plaintiff, and/or any claim filed on behalf or by the Plaintiff, and/or internal conversations or discussions of the Defendant, Union Security Insurance Company, a corporation, or its employees with respect to the Plaintiff, the policy insuring either the short term disability benefits or the long term disability benefits for the Plaintiff, or any claim filed by or on behalf of the Plaintiff.

(L) Any and all internal newsletters or memoranda circulated regularly in the disability claims department of the Defendant, Union Security Insurance Company, a corporation.

(M) Any and all external newsletters, insurance industry publications, or memoranda circulated regularly in the claims department of the Defendant, Union Security Insurance Company, a corporation.

(N) A complete copy of all medical records, written job descriptions of the job the Plaintiff held with Reynolds, Reynolds and Little, LLC, occupational evaluations, correspondence sent to or received from any healthcare provider, and/or any other medical and/or vocational information relating to the Plaintiff and in the possession of the Defendant, Union Security Insurance Company, a corporation.

(O) Any and all letters, e-mails, correspondence, and/or other documents received by the Defendant, Union Security Insurance Company, a corporation, from any and all non-examining physicians, vocational experts, rehabilitation experts, and/or any other healthcare experts with respect to the Plaintiff.

(P) Any and all letters, mailgrams, e-mail transmissions, telegrams, and/or other correspondence received by or sent by the Defendant, Union Security Insurance Company, a corporation, or any employee of the Defendant, Union Security Insurance Company, a corporation, with respect to the Plaintiff to any person, partnership, corporation, and/or other entity, including other employees of the Defendant, Union Security Insurance Company, a corporation.

(Q) A complete copy of any and all surveillance videos, digital pictures/images, films, tapes of any type, digital tapes, video tapes, CD Rom images, DVD images, and/or any other photographic images of the Plaintiff regardless of when taken and regardless of by whom taken.

(R) A resume, or "CV", and a copy of the retainer and/or fee schedule for each expert witness which the Defendant, Union Security Insurance Company, a corporation, will offer to testify, or from which the Defendant, Union Security Insurance Company, a corporation, will offer an opinion, and/or upon which the Defendant, Union Security Insurance Company, a corporation, has based any decision with respect to the grant or denial of long term disability benefits to the Plaintiff.

(S) Each and every document, books, treatise, electronic data, statement, interview, and/or other document which the Defendant, Union Security Insurance Company, a corporation, used to make any decision with respect to the grant or denial of either and/or both short term disability and long-term disability benefits to the Plaintiff.

(T) Any and all notices of cancellation, certificates of mailing of such notices of cancellation, and postage receipts with respect to such notices of cancellations in

reference to the long-term disability insurance policy issued by the Defendant, Union Security Insurance Company, a corporation, and under which the Plaintiff is seeking benefits.

(U) Any and all statements of account and/or other accounting records showing the date and the amount of premiums paid to the Defendant, Union Security Insurance Company, a corporation, by or on behalf of the Plaintiff and/or the employee benefit plan of the Employer, Reynolds, Reynolds and Little, LLC, , within the preceding forty-eight [48] months as it relates to both the short term and the long term disability insurance policies issued by the Defendant, Union Security Insurance Company, a corporation, and under which the Plaintiff is seeking benefits.

(V) Any and all advertising and/or promotional materials with respect to the type of insurance policy under which the Plaintiff is seeking both short term and long-term disability benefits that have been issued by the Defendant, Union Security Insurance Company, a corporation, from the effective date of the policy that provides coverage for the Plaintiff or for the past thirty-six months, whichever is longer. This request shall include, but not be limited to, booklets, oral advertising recordings, video advertising recordings, DVDs, internet web site promotional/informational material, direct mail promotional material, and/or any other document, electronic file, newspaper file, mail-out or other material that advertised the type of short term and/or long term disability insurance policies and/or the particular short term and/or long term disability insurance policy sold by the Defendant, Union Security Insurance Company, a corporation, and under which the Plaintiff is seeking short term and long term disability benefits.

(W) Any and all letters, mailgrams, e-mail transmissions, telegrams, memorandums of conversations with the Plaintiff's employer, Reynolds, Reynolds and Little, LLC, or any employee of the Plaintiff's employer, and/or other correspondence either sent to and/or received from the Plaintiff's employer, Reynolds, Reynolds and Little, LLC, in the possession of the Defendant, Union Security Insurance Company, a corporation.

(X) In the event that the Defendant, Union Security Insurance Company, a corporation, has delegated the claims decision making to some entity other than the Defendant, Union Security Insurance Company, a corporation, a complete copy any and all contracts between the Defendant, Union Security Insurance Company, a corporation, and the entity to whom the claims decision making duties under the policy were delegated.

(Y) A complete copy of the Articles of Incorporation and any Amendments to the Articles of Incorporation of the Defendant Union Security Insurance Company certified by the Secretary of the Corporation as being true and correct.

(Z) A complete and current copy of the Shareholder Ledger or similar document showing the shareholders of the Defendant Union Security Insurance Company certified by the Secretary of the Corporation as being true and correct.

That the above described documents shall be produced at the office of the Attorney for the Plaintiff located at:  Suite A, 2004 Poole Drive, Huntsville, Alabama 35810 at 9 o'clock a.m. on the forty-fifth (45th) day following the service of the Summons and Complaint in this matter, unless such day is a Saturday, Sunday or legal holiday, in which event the documents shall be produced the next regular business day at 9 o'clock a.m., for the purpose of permitting the Plaintiff, by and through his attorney, to inspect and copy such documents.

Date: February 4, 2019

Kenneth D. Hampton (HAM033)
Attorney for Plaintiff
Suite A, 2004 Poole Drive
Huntsville, AL  35810
Telephone:  256-859-8900
Fax:  256-859-8853
e-mail: kenhampton@bellsouth.net

IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,                    )
                                        )
                  Plaintiff,            )
                                        )
Vs.                                     )  Civil Action: <u>47-CV-2019-900246</u>
                                        )
SUN LIFE ASSURANCE COMPANY OF           )
CANADA, a corporation, and UNION SECURITY )
INSURANCE COMPANY, a corporation,       )
                                        )
                  Defendants.           )

<u>**Plaintiff's First Request for Production of Documents, etc., to Defendant Sun Life
Assurance Company of Canada, a corporation,**</u>

Comes now the Plaintiff, Holly Naomi Simmons, pursuant to <u>Alabama Rule of Civil
Procedure</u> 34, and requests the Defendant, Sun Life Assurance Company of Canada, a corporation,
to respond within forty-five (45) days to the following requests:

<u>Miscellaneous Instructions:</u>

{a} If any document responsive to these requests for production has been lost, destroyed, or is
otherwise not in existence or not capable of production, describe the document, its contents and
the reason(s) for the document(s) non-availability.

{b} Plaintiff expressly reserves the right to challenge any claim of privilege, but if in responding
to any request for production and/or identifying any document that is responsive to the following
requests for production, the Defendant Sun Life Assurance Company of Canada, a corporation,
finds it necessary to claim privilege of any type, redact the language of such document that you
claim to be privileged and produce the edited version openly and plainly stating on the document
produced to the Plaintiff "Edited".

{c} If any document, thing, picture, video, and/or other item requested by these requests for production of documents shall be created, stored, filed, maintained or otherwise have a digital or electronic format file of any type, the document, thing, picture, video, and/or other item requested shall be produced in its unedited digital and/or electronic format.

<u>Requests For Production:</u>

[1] That the Defendant, Sun Life Assurance Company of Canada, a corporation, produce and permit the Plaintiff to inspect and to copy each of the following documents, items, or things:

(A) The applications of the Plaintiff for both the short-term and the long-term disability insurance policy and/or employee plan benefit made with the Defendant, Sun Life Assurance Company of Canada, a corporation, and/or the Plaintiff's Employer, Reynolds, Reynolds and Little, LLC, with respect to both the short-term and the long term disability benefits sought by the Plaintiff pursuant to the terms of the insurance policies and/or employee benefit plan that applies to the Plaintiff.

(B) A certified copy of the Long Term Disability Plan, the insuring insurance policy, declarations page, all amendments to either the Long Term Disability Plan and/or the insuring insurance policy since the original effective date of the original Long Term Disability plan, and all endorsements with respect to the long term disability benefits policy issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, and which applies to the proof of claim and/or statement of claim filed by or on behalf of the Plaintiff for long term disability benefits. This request for Production in addition to the documents described above shall specifically include, but shall not be limited to:

[1] The Plan documents including any wrap around plan documents in complete form.

[2] All Annual Return/Report of Employee Benefit Plans, Form 5500, including all documents filed with such forms.

[3] All Plan documents that are accessible by "links" or are available on any website maintained by: Sun Life Assurance Company of Canada, a corporation.

[4] All Statements required to be furnished to the policyholder by Alabama Code § 27-20-2.

(B-2) A certified copy of the Short Term Disability Plan, the insuring insurance policy, declarations page, all amendments to either the Short Term Disability Plan and/or the insuring insurance policy since the original effective date of the original Short Term Disability plan, and all endorsements with respect to the long term disability benefits policy issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, and which applies to the proof of claim and/or statement of claim filed by or on behalf of the Plaintiff for short term disability benefits. This request for Production in addition to the documents described above shall specifically include, but shall not be limited to:

[1] The Plan documents including any wrap around plan documents in complete form.

[2] All Annual Return/Report of Employee Benefit Plans, Form 5500, including all documents filed with such forms.

[3] All Plan documents that are accessible by "links" or are available on any website maintained by: Sun Life Assurance Company of Canada, a corporation.

[4] All Statements required to be furnished to the policyholder by Alabama Code § 27-20-2.

(C) A certified copy of the Summary Plan Description with respect to the employee benefits plan that applies to the employees of Reynolds, Reynolds and Little, LLC, with respect to the short term and long term disability benefits for which the policy was issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, including all amendments to the Summary Plan Description since the original effective date of the short term and long term disability plan and showing the effective date of each such amendment.

(D) Any and all letters, mailgrams, e-mail transmissions, telegrams, memorandums of conversations with the Plaintiff, and/or other correspondence to the Plaintiff in the possession of the Defendant, Sun Life Assurance Company of Canada, a corporation, regardless of the source from which such document was received and regardless of the source that created the document and to specifically include all such documents created by the Defendant, Sun Life Assurance Company of Canada, a corporation.

(E) Any and all letters, mailgrams, e-mail transmissions, telegrams, and/or other correspondence received by and/or sent by the Defendant, Sun Life Assurance Company of Canada, a corporation, from the Plaintiff and/or anyone on behalf of the Plaintiff, to include but not be limited to any healthcare provider and/or person acting as the representative of the Plaintiff.

(F) Any and all manuals, memorandums, internal policy procedures describing or prescribing the claims evaluation process by the Defendant, Sun Life Assurance Company of Canada, a corporation, with respect to the type of policy and/or policies by which the Plaintiff is seeking benefits.

(G) Any and all internal letters, internal e-mails, fax transmittals, internal memorandums, or any other written communication with respect to the short-term disability policy, the long-term disability policy and/or any claim filed by the Plaintiff with the Defendant, Sun Life Assurance Company of Canada, a corporation.

(H) Any and all proofs of claim and/or statements of claim filed by the Plaintiff or on behalf of the Plaintiff with the Defendant, Sun Life Assurance Company of Canada, a corporation, and/or the Plaintiff's Employer, Reynolds, Reynolds and Little, LLC, seeking short term disability benefits and/or long-term disability benefits together with all other documents filed with the proof of claim and/or statement of claim.

(I) Any and all underwriting manuals that discuss, relate to, or provide for the type of policy and/or policies purchased from the Defendant, Sun Life Assurance Company of Canada, a corporation, and through which the Plaintiff is seeking benefits.

(J) Any and all manuals, memorandums, or other internal statements of the Defendant, Sun Life Assurance Company of Canada, a corporation, interpreting the policy language and exclusions and interpreting the language of any and all endorsements of the policy and/or policies purchased by the Plaintiff's Employer from the Defendant, Sun Life Assurance Company of Canada, a corporation. This request shall include any such manuals, memorandums, or documents that are internal to the Defendant, Sun Life Assurance Company of Canada, a corporation, but which were provided to the Plaintiff and/or the Plaintiff's Employer as a part of the marketing, sale, or explanation of benefits under the terms of the Group Short Term Disability Plan and/or Group Long Term Disability Plan.

(K) Any and all file jackets, folders, daily activity logs, contents of file jackets, contents of folders, and/or daily diary logs of the Defendant, Sun Life Assurance Company of Canada, a corporation, or its employees containing written notes, written entries, electronic information, e-mails, photographs, digital pictures, digital videos, and/or any other information with respect to the Plaintiff and/or the insurance policies or either of the policies purchased from the Defendant, Sun Life Assurance Company of Canada, a corporation, by the Plaintiff, and/or any claim filed on behalf or by the Plaintiff, and/or internal conversations or discussions of the Defendant, Sun Life Assurance Company of Canada, a corporation, or its employees with respect to the Plaintiff, the policy insuring either the short term disability benefits or the long term disability benefits for the Plaintiff, or any claim filed by or on behalf of the Plaintiff.

(L) Any and all internal newsletters or memoranda circulated regularly in the disability claims department of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(M) Any and all external newsletters, insurance industry publications, or memoranda circulated regularly in the claims department of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(N) A complete copy of all medical records, written job descriptions of the job the Plaintiff held with Reynolds, Reynolds and Little, LLC, occupational evaluations, correspondence sent to or received from any healthcare provider, and/or any other medical and/or vocational information relating to the Plaintiff and in the possession of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(O) Any and all letters, e-mails, correspondence, and/or other documents received by the Defendant, Sun Life Assurance Company of Canada, a corporation, from any and all non-examining physicians, vocational experts, rehabilitation experts, and/or any other healthcare experts with respect to the Plaintiff.

(P) Any and all letters, mailgrams, e-mail transmissions, telegrams, and/or other correspondence received by or sent by the Defendant, Sun Life Assurance Company of Canada, a corporation, or any employee of the Defendant, Sun Life Assurance Company of Canada, a corporation, with respect to the Plaintiff to any person, partnership, corporation, and/or other entity, including other employees of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(Q) A complete copy of any and all surveillance videos, digital pictures/images, films, tapes of any type, digital tapes, video tapes, CD Rom images, DVD images, and/or any other photographic images of the Plaintiff regardless of when taken and regardless of by whom taken.

(R) A resume, or "CV", and a copy of the retainer and/or fee schedule for each expert witness which the Defendant, Sun Life Assurance Company of Canada, a corporation, will offer to testify, or from which the Defendant, Sun Life Assurance Company of Canada, a corporation, will offer an opinion, and/or upon which the Defendant, Sun Life Assurance Company of Canada, a corporation, has based any decision with respect to the grant or denial of long term disability benefits to the Plaintiff.

(S) Each and every document, books, treatise, electronic data, statement, interview, and/or other document which the Defendant, Sun Life Assurance Company of Canada, a corporation, used to make any decision with respect to the grant or denial of either and/or both short term disability and long-term disability benefits to the Plaintiff.

(T) Any and all notices of cancellation, certificates of mailing of such notices of cancellation, and postage receipts with respect to such notices of cancellations in reference to the long-term disability insurance policy issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, and under which the Plaintiff is seeking benefits.

(U) Any and all statements of account and/or other accounting records showing the date and the amount of premiums paid to the Defendant, Sun Life Assurance Company of Canada, a corporation, by or on behalf of the Plaintiff and/or the employee benefit plan of the Employer, Reynolds, Reynolds and Little, LLC, , within the preceding forty-eight [48] months as it relates to both the short term and the long term disability insurance policies issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, and under which the Plaintiff is seeking benefits.

(V) Any and all advertising and/or promotional materials with respect to the type of insurance policy under which the Plaintiff is seeking both short term and long-term disability benefits that have been issued by the Defendant, Sun Life Assurance Company of Canada, a corporation, from the effective date of the policy that provides coverage for the Plaintiff or for the past thirty-six months, whichever is longer. This request shall include, but not be limited to, booklets, oral advertising recordings, video advertising recordings, DVDs, internet web site promotional/informational material, direct mail promotional material, and/or any other document, electronic file, newspaper file, mail-out or other material that advertised the type of short term and/or long term disability insurance policies and/or the particular short term and/or long term disability insurance policy sold by the Defendant, Sun Life Assurance Company of Canada, a corporation, and under which the Plaintiff is seeking short term and long term disability benefits.

(W) Any and all letters, mailgrams, e-mail transmissions, telegrams, memorandums of conversations with the Plaintiff's employer, Reynolds, Reynolds and Little, LLC, or any employee of the Plaintiff's employer, and/or other correspondence either sent to and/or received from the Plaintiff's employer, Reynolds, Reynolds and Little, LLC, in the possession of the Defendant, Sun Life Assurance Company of Canada, a corporation.

(X) In the event that the Defendant, Sun Life Assurance Company of Canada, a corporation, has delegated the claims decision making to some entity other than the Defendant, Sun Life Assurance Company of Canada, a corporation, a complete copy any and all contracts between the Defendant, Sun Life Assurance Company of Canada, a corporation, and the entity to whom the claims decision making duties under the policy were delegated.

(Y) A complete copy of the Articles of Incorporation and any Amendments to the Articles of Incorporation of the Defendant Sun Life Assurance Company of Canada certified by the Secretary of the Corporation as being true and correct.

That the above described documents shall be produced at the office of the Attorney for the Plaintiff located at:  Suite A, 2004 Poole Drive, Huntsville, Alabama 35810 at 9 o'clock a.m. on the forty-fifth (45th) day following the service of the Summons and Complaint in this matter, unless such day is a Saturday, Sunday or legal holiday, in which event the documents shall be produced the next regular business day at 9 o'clock a.m., for the purpose of permitting the Plaintiff, by and through his attorney, to inspect and copy such documents.

Date:  February __4__, 2019

Kenneth D. Hampton HAM085
Attorney for Plaintiff
Suite A, 2004 Poole Drive
Huntsville, AL  35810
Telephone:  256-859-8900
Fax:  256-859-8853
e-mail: kenhampton@bellsouth.net



AlaFile E-Notice

47-CV-2019-900246.00

To: SUN LIFE ASSURANCE COMPANY OF CANADA (PRO SE)
C/O PRESIDENT, ONE SUN
LIFE EXECUTIVE PARK
WELLESLEY HILL, MA, 02481-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS V. SUN LIFE ASSURANCE COMPANY OF CANADA ET AL
47-CV-2019-900246.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 2/22/2019 9:15:49 AM

Notice Date:     2/22/2019 9:15:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

DOCUMENT 22



ELECTRONICALLY FILED
2/22/2019 9:15 AM
47-CV-2019-900246.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT OF MADISON COUNTY, ALABAMA

HOLLY NAOMI SIMMONS,                        )
                                            )
        Plaintiff,                )
                                            )
Vs.                                         )   Civil Action: <u>47-CV-2019-900246</u>
                                            )
SUN LIFE ASSURANCE COMPANY OF               )
CANADA, a corporation, and UNION SECURITY   )
INSURANCE COMPANY, a corporation,           )
                                            )
        Defendants.               )

### <u>Affidavit of Certified Mailing of Process and Complaint (Second)</u>

Comes now the attorney for the Plaintiff pursuant to <u>Alabama Rule of Civil Procedure</u> 4(i)(2)(B)(ii) and after first being given an affirmation to speak the truth does depose and state:

I, Kenneth D. Hampton, did on February 22nd, 2019 initiate certified mail service by placing a filed copy of the Summons and Complaint, issued by the Clerk of the below designated Court on February 22nd, 2019, together with Plaintiff's Request for Production to each Defendant in the United States mail, certified mail with return receipt, copies of the return receipts being attached hereto, and with postage prepaid to the following persons, corporations, governmental entities, or other entities:

<u>Entity Served</u>                                          <u>Certified Mail Number</u>

[1]
Sun Life Assurance Company of Canada                  7011 2970 0000 4991 4114
c/o President
One Sun Life Executive Park
Wellesley Hills, MA 02481

I have further caused the originals of the return receipts to be returned to the Circuit Court Clerk of Madison County, Alabama whose address is: Circuit Court Clerk, Civil, Madison County

DOCUMENT 22

Courthouse, 100 North Side Square, Huntsville, Alabama, 35801-4280 with the return receipts

showing the following case number: 47-CV-2019-900246. I have personal knowledge of the

facts stated in this affidavit and they are true and correct.

Date: February 22 , 2019

_Kenneth D. Hampton_
Kenneth D. Hampton, [HAM033]
Attorney For Plaintiff
Suite A
2004 Poole Drive
Huntsville, Al 35810
Telephone: 256-859-8900
Fax: 256-859-8853
E-Mail:kenhampton@bellsouth.net

State of Alabama)
County of Madison)

## Notary Public

    Before me personally appeared the above and foregoing Kenneth D. Hampton, Attorney, and after first making himself known to me, after first being given an affirmation to speak the truth, he did in my presence, attest and affirm the above and foregoing Affidavit of Certified Mailing of Process and Complaint on this the 22 day of February, 2019.

_Carolyn Hampton_
Notary Public, State at Large

My Commission Expires on: April 6 , 2019

DOCUMENT 22

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent<br>☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>SUN LIFE ASSURANCE COMPANY OF<br>CANADA C/O PRESIDENT, ONE SUN<br>LIFE EXECUTIVE PARK<br>WELLESLEY HILLS, MA 02481 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| |||||||||||||||||||||||||||||||||<br>9590 9402 4221 8121 3859 04 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery<br>(over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7011 2970 0000 4991 4114 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053                     Domestic Return Receipt

KENNETH D. HAMPTON
ATTORNEY AT LAW
SUITE A, 2004 POOLE DRIVE
HUNTSVILLE, ALABAMA 35810

CERTIFIED MAIL

7011 2970 0000 4991 4114

Sun Life Assurance Company of Canada
C/O President
One Sun Life Executive Park
Wellesley Hills MA 02481